## ALLINE v. THE CITY OF LE MARS.

1. **Cities and Towns:** STEPPING IN HOLE BY SIDEWALK: CONTRIBUTORY NEGLIGENCE. A pedestrian on a sidewalk who voluntarily and without necessity steps from the walk, without knowing that he can do so with safety, and steps in a hole near the walk, and is thereby injured, is guilty of contributory negligence, and cannot recover of the city. (Compare *McLaury v. City of McGregor*, 54 Iowa, 717.)

2. **Practice on Appeal:** ERRORS WITHOUT PREJUDICE. Where under the evidence plaintiff could in no event recover, errors not relating to the evidence could not have been prejudicial to him, and are no ground of reversal on his appeal.

*Appeal from Woodbury District Court.*

MONDAY, JUNE 13.

As the plaintiff claims, she stepped into a hole in the the street near a sidewalk on which she was walking, whereby she was greatly injured. Trial by jury. Judgment for the defendant and the plaintiff appeals.

*Joy, Wright & Hudson*, for appellant.

*G. W. Argo* and *Ira F. Martin*, for appellee.

SEEVERS, J.—The plaintiff testified that in August, 1883, she was walking on a sidewalk on one of the streets in the city of Le Mars, about 8 o'clock in the evening. "It was dark, but not so dark but I could see. It was not as light as dusk, but it was light enough so that I could see those that passed me. *   *   * I had paused to bid the lady that was with me good evening, and, as I paused, I saw two gentlemen coming, and at first I did not recognize them, and as they passed I just stepped aside to let them pass, and I stepped into this hole. This hole was close up to the side-walk. There was no earth between the hole and the side-walk, and the hole ran down under the walk."

Such being the evidence, the question is whether the plaintiff is entitled to recover, and we think she is not. There is some evidence tending to show that the sidewalk was not level, but that it slanted in the direction of the hole. The plaintiff, however, does not claim that this caused her to step from the sidewalk into the hole. She was standing on the walk, and, if she had so remained, it is clear she would not have been injured. She voluntarily, and without necessity for so doing, stepped from the walk without knowing she could do so with safety. She gives no explanation whatever why she stepped from the walk, which was her proper place. We think she was clearly guilty of such negligence as will prevent her from recovering. *McLaury v. City of Mc-Gregor*, 54 Iowa, 717.

II. Objections are made to the instructions of the court, and it is is said counsel for the defendant made an improper argument to the jury. We are not by any means sure the objections to the instructions are well taken; on the contrary, we incline to think they are not; but we feel satisfied, con-ceding that the objections are well taken, that the defendant was not prejudiced thereby, or by what was said by counsel, for the reason that in no event was the plaintiff entitled to recover.

AFFIRMED.