Asbach v. The Chicago, B. & Q. Ry. Co.

ASBACH v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

1. **Evidence**: CIRCUMSTANTIAL : WHAT NECESSARY. A theory cannot be said to be established by circumstantial evidence, even in a civil case, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can reasonably be drawn from them. It is not sufficient that they be consistent merely with that theory. (See opinion for illustration.)

2. **Railroads**: INJURY TO STOCK FROM WANT OF FENCE : LIABILITY. Under the statute (Code, sec. 1289), a railroad company is liable for injury to stock on its right of way from the want of a fence, only when such want, in 'connection with some act of the company, is the proximate cause of the injury (compare *Young v. St. Louis K., C. & N. Ry. Co.*, 44 Iowa, 172); and in this case no such act is shown.

3. ———: ——— : NEGLIGENCE NOT INVOLVED. In an action for injury to stock, where the petition set up merely that the injury was caused by the want of a fence, *held* that plaintiff was not entitled to have the question of general negligence adjudicated.

*Appeal from Decatur District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MARCH 12, 1888.

ACTION for the recovery of double the value of a horse which plaintiff alleges was killed on defendant's railroad at a point where it had the right to fence its track, but where it had neglected to fence the same. The cause was tried to the court without the intervention of a jury, and judgment was entered for plaintiff. Defendant appeals.

*T. M. Stuart*, for appellant.

*Bullock & Hoffman*, for appellee.

REED, J.—The main question in the case is whether the judgment is supported by the evidence. It is undisputed that the animal in question was killed while running at large by falling from a bridge on defendant's railroad, and that the track at that point was not fenced. None of the witnesses claim to have seen the accident, and the exact time when it occurred cannot be determined from the testimony. The engineers who were employed on that part of the road were examined, and each testified in effect that the animal was not struck or thrown from the bridge by his engine, and that he did not, at any time near the date when it was found dead beside the bridge, see it upon the track or bridge. It was also proven that all the trains at that time passed the point in question by daylight. Plaintiff claims, however, to have established certain circumstances which lead reasonably to the conclusion, as she claims, that the animal, being frightened by an approaching train, ran upon the bridge until it fell upon the ties, and, in struggling to arise, it fell to the ground below, and was killed. Unless this theory as to the cause of the injury can be maintained, the judgment cannot be upheld, for there is not only no evidence that the animal was struck and thrown from the bridge by a passing train, but there is positive evidence to the contrary, and no effort was made to impair the credit of the witnesses who gave that testimony; and when we look into the testimony relied upon to establish the theory, we think it utterly fails to establish it. The circumstances relied upon are that the animal was exceedingly nervous, and was always liable to be frightened by a moving train or locomotive, and that it was with great difficulty that it could ever be driven upon or about a railroad track; that a train was stopped near the bridge on the evening of the first of August, that being two or three days before plaintiff learned of the injury; and that a witness who, on a day near that date, passed near the bridge at three o'clock p. m., and again at a later hour, saw the horse lying dead by the bridge on his return, but did not see it when he passed the first

time. The evidence of the stopping of the train is exceedingly unsatisfactory, none of the witnesses having seen it stop. They were all more than a mile from the bridge at the time, and they judged that it stopped from the noise that they heard; but, if it should be conceded that it did stop at the time alleged, there is absolutely no connection between that circumstance and the death of the animal, or, at least, none is shown. The witness who first saw it after the injury did not pretend to fix the date when he saw it. The fact that he saw it at that hour in the day is of no materiality at all, unless the circumstance happened on the evening on which the train was stopped; and whether it did happen on that evening is a matter of mere conjecture. A theory cannot be

1. EVIDENCE: circumstantial: what necessary.

said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent, merely, with that theory, for that may be true, and yet they may have no tendency to prove the theory. This is the well-settled rule, and it is manifest that under it plaintiff's theory is not established. The facts relied upon to prove it are quite as consistent with the theory that the animal went upon the bridge of his own volition, or that he was frightened by something else than a train, and ran

2. RAILROADS: injury to stock from want of fence: liability.

upon it, as with it. Plaintiff, then, has not shown the cause of the injury. We have held that liability for an injury of this kind attaches, under the statute (Code, sec. 1289), when the want of a fence, in connection with some act of the defendant, is the proximate cause of the injury. *Young v. St. Louis, K. C. & N. Ry. Co.*, 44 Iowa, 172.

Counsel for plaintiff insist, however, that there is a liability independent of the statute, and that, if the

3. ——: ——: negligence not involved.

bridge was so constructed or situated as to be dangerous to stock running at large, it was an act of negligence to leave it in that

condition, and that defendant is liable on that ground. But it is sufficient to say that that question does not properly arise in the case. Plaintiff did not seek to recover on that ground. She made no allegation of negligence in her petition, but set up merely that the injury was caused by the want of a fence; and she is not, under that allegation, entitled to have the question of general negligence adjudicated.

REVERSED.