The Blair Town Lot & Land Co. v. Hillis.

THE BLAIR TOWN LOT & LAND COMPANY v. HILLIS.

1. **Payment:** APPLICATION : CONTRACT FOR SALE OF LAND : STRICT FORECLOSURE. One S. held contracts from plaintiff for the purchase of five lots. Defendant held like contracts for the purchase of six lots in the same town. The contracts all provided for a strict foreclosure upon default in payment for the lots. Afterwards defendant obtained an extension of time for the payment on *all* the above-mentioned contracts. How he became liable on the contracts to S. does not appear, but his contract for an extension recognized his liability thereon. He failed, however, to pay within the extended time, but afterwards paid enough to satisfy the balance on the six lots purchased by him, but not enough to satisfy the balance on all the lots. No application of this last payment was made by defendant, and none is shown to have been made by plaintiff, except such as may be inferred from the fact that some nine months afterwards plaintiff made an indorsement on each of the eleven contracts, declaring them, and all rights of the purchasers under them, forfeited, and insisted on a strict foreclosure of all of them. *Held* that plaintiff could not insist upon a strict foreclosure without showing that it was diligent to exercise its right ; and, in the absence of any satisfactory proof that it divided the last payment and applied it equally, when made, on all the contracts, the law would apply it on the contracts for the six lots originally purchased by defendant ; and, since it was sufficient to pay the balance due thereon, and was paid before any forfeiture was declared, defendant's equitable title to those lots was good as against the legal title still held by plaintiff. ( Compare *Iowa R. R. Land Co. v. Mickel*, 41 Iowa, 402.)

2. **Evidence :** INSTRUCTIONS : ERRORS WITHOUT PREJUDICE. Errors in admitting evidence and in giving instructions are no ground for reversal where it is plain that the verdict could not lawfully have been different had the improper evidence not been admitted nor the erroneous instructions given.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 20, 1888.

THIS is an action to recover the possession of certain lots in the town of Dunlap, upon the ground that the plaintiff is the owner thereof. It is conceded that the

egal title is in the plaintiff, but the defendant claims that he is the equitable owner of part of the lots, by purchase from the plaintiff, and full payment therefor. He disclaims having the possession of or any interest in the other lots. There was a trial by jury, and a verdict that the defendant was entitled to the possession of the lots claimed by him Plaintiff appeals.

*N. D. Parkhurst* and *E. S. Bailey*, for appellant.

*L. J. Birdseye* and *S. H. Cochran*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that on the twenty-sixth day of January, 1880, one Scholfield entered into a written contract with plaintiff for the purchase of five lots in Dunlap for the sum of $825. Of this sum, $206 was paid at the time of the purchase, and the balance was to be paid in three equal annual payments, with interest. In June, 1884, this contract was assigned, in writing, to one Stanley. No other written assignment appears to have been made at any time. After the date of this contract the defendant entered into five separate written contracts with the plaintiff for the purchase of five lots, and he took an assignment of a written contract for one lot from one Jones. The consideration for all these lots was $720, but the terms of sale and credit given do not appear. Payments were made, however, from time to time, and on the eighteenth day of December, 1885, the defendant executed to plaintiff the following written instrument: "Contract No. 7,362, 7,378–80, 8,847, and 10,006–7. DUNLAP, IOWA, December 18, 1885. *To the Blair Town Lot and Land Co., Cedar Rapids, Ia.:* I hereby request that the amount of $864.50 ( E. & O. E.) due and unpaid November 28, 1885, on my contracts with your company for the purchase of lots 6, 7, 8, 9, and 10, block 52, and lots 3, 4, and 5, block 53, and lots 1, 2, and 3, block 5, Dunlap, be extended to July 1, 1886, at which time ( time being the essence of the agreement ) I promise to

*(margin note:)* 1. PAYMENT: application: contract for sale of land: strict foreclosure.

promptly pay said sum, with interest at ten per cent. per annum on same. I expressly agree that all the conditions of the said contracts shall be and remain in full force and effect until said contracts shall be fully completed and ended by payment in full or otherwise. [Signed] R. B. HILLIS, Purchaser.'' After this instrument was executed, and on the sixth day of November, 1886, the defendant paid to the plaintiff the sum of $150. No further payments were made, and on the twelfth day of August, 1887, the plaintiff, by indorsement upon all of said contracts, declared a forfeiture of all of them, and a forfeiture of all the rights and interests derived therefrom by the several purchasers. It appears to be conceded that the amount paid by the plaintiff would have been sufficient to make full payment for all of the lots claimed by him, but not sufficient to pay for the lots purchased by Scholfield, and assigned to Stanley. The question presented to the court and jury was as to the right of the parties on the application of the payments. If the payments made by the defendant should be applied on the lots other than those purchased by the Stanley contract, the verdict of the jury is correct. But if the plaintiff made application of the payment of the $150 to the whole debt generally, or to the Stanley lots, then it appears to be conceded that the right of forfeiture existed, and the defendant has no right in any of the lots. The court instructed the jury that the defendant was liable on the Stanley contract. This instruction was based upon the idea that he had bound himself to pay the Stanley contract by the contract of extension of time of payment. There can be no just complaint of this part of the charge to the jury. The liability is plainly set forth in the contract extending the payment. It appears that the sum of two hundred dollars was paid to the plaintiff's agent at Dunlap on the seventeenth day of November, 1885. The receipt given by the agent recited that the payment was ''on account of several lots, town of Dunlap, Iowa.'' This was a payment on the lots now claimed by defendant. It could not have been made upon the Stanley contract, because there is

no evidence that the defendant was then under any obligation to pay out the Stanley contract. Another payment of $150 was made on the first day of November, 1886, for which a like receipt was given. There is no evidence that the defendant gave any express direction that this last payment should be applied upon the lots which he now claims; and there is no evidence that the plaintiff indorsed the payment on all the contracts in controversy, or rather divided it, and indorsed it on all the contracts *pro rata*. The claim is made that it was applied to all the contracts (as we suppose) from the fact that the plaintiff declared a forfeiture upon all of them.

The pivotal question in the case is, should the last payment be applied to the lots other than those described in the Stanley contract? If it should, the verdict and judgment are right. There is no real dispute or conflict in the evidence, and, indeed, the question is more one of law than of fact. The defendant did not direct what application should be made of the payment. In such case it was the right of the plaintiff to make the application. In *Whiting v. Eichelberger*, 16 Iowa, 422, it was held that when moneys are paid by a debtor to a creditor holding several demands against him, he may direct the application of the same. If he fails to make such direction, the creditor may make the application; and, if he fails, the law will make a fair and just application.

It is claimed by appellant's counsel that the court erred in permitting the defendant to testify that it was his intention that the payment should be applied upon his own contracts, and not on the Stanley contract; and complaint is made of an instruction to the effect that if at the time the payment was made it was understood how it should be applied, then it should be applied as understood. This instruction was not correct; because there was no evidence that the plaintiff's agent knew anything of the application intended by the defendant. But

2. EVIDENCE: instructions: errors without prejudice.

the admission of the evidence of the defendant's intention not communicated to the plaintiff, and that part of the charge above referred to, was without prejudice to the plaintiff. We say this because in our opinion the jury upon the undisputed facts could have found no other verdict than that they did find.

The court instructed the jury that "if neither party directed the application of the payments, and there was no understanding as to where and how they should be applied, then the law would apply them, and the proper application would be to the contracts originally entered into by the defendants. The fact is undisputed that there was no evidence that the plaintiff made the application of payment at the time. There is no showing of such application at any other time, excepting the inference from the forfeiture of the contracts. The plaintiff is insisting on the strict right of forfeiture. It should be diligent to exercise its right. In the case of *Iowa R. R. Land Co. v. Mickel*, 41 Iowa, 402, a forfeiture of a contract in all respects like those in the case at bar was upheld. But the plaintiff in that case was prompt to exercise its right. In that case there were "previous transactions" between the parties, which plainly indicated that they intended, when they entered into the contract, to abide by it only upon the strictest compliance with its terms. In the case at bar the plaintiff demands its right to forfeit all of these contracts, and keep all of the money it has received upon them,—which is no inconsiderable sum,—and by this suit put the defendant out of possession. To authorize it to insist on a forfeiture it should have brought all these contracts into court, and showed by proper indorsements thereon that it had so applied this payment at the time it was made as to leave at least some small balance due on all of them. It made no such showing. If it demands strict performance or forfeiture it should show that it was prompt to avail itself of the right to make the application of the payment, which it now demands shall be made. In our opinion the court would not have erred if it had charged the

jury that no application of payment had been made by either party, and that it should be made to the older indebtedness or to the defendant's contracts of purchase, rather than to those he had assumed by the contract of extension of payment, and for which he was liable in no other way.

AFFIRMED.

| 76 | 251 |
| 82 | 208 |

| 76 | 251 |
| 85 | 491 |

| 76 | 251 |
| 89 | 290 |

| 76 | 251 |
| 94 | 239 |

| 76 | 251 |
| 104 | 586 |

| 76 | 251 |
| 107 | 227 |

| 76 | 251 |
| 126 | 313 |