S. D. KENNEDY v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

CIRCUMSTANTIAL EVIDENCE CLEARLY SHOWING THAT AN ANIMAL WAS STRUCK BY A PASSING TRAIN: VERDICT FOR PLAINTIFF NOT DISTURBED.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, FEBRUARY 2, 1894.

ACTION to recover double the value of a bull alleged to have been killed on defendant's right of way because of the same not being fenced. Answer, general denial. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Hubbard & Dawley* for appellant.

*Pascal & Armentrout* for appellee.

GIVEN, J.—The only contention is whether the evidence supports the verdict. There is no question but that the bull got upon the right of way through an opening in the right of way fence, and fell or was thrown from a bridge, and injured so that it had to be killed. No one is called who witnessed the accident, and therefore the cause has to be determined from the circumstances. Appellant cites the rule as announced in *Asbach v. Railway Co,.* 74 Iowa, 248, 37 N. W. Rep. 182, as follows: "A theory can not be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent merely with that theory, for that may be true, and yet they may have no tendency to prove the theory." We have examined the evidence with care and conclude that it fully warrants the finding of the jury. The evidence as to the tracks of the animal with reference to the bridge, the marks on the ties, and injuries upon and the position of the bull, and the

number of trains that passed that night, precludes every other conclusion as reasonable, except that the bull was struck by a passing train at the point to which his tracks were nearest the bridge, and carried onto and dropped over the bridge at the point where he was found. AFFIRMED.