LYNN C. BROWN, Appellant, v. HUNT & SHUETZ Co., Appellee.

**Master and servant:** NEGLIGENCE OF SERVANT: INSTRUCTIONS. Where
there are two ways in which a servant may perform a given duty,
the fact that he may choose the less safe method and is injured
will not as a matter of law defeat his recovery of damages for the
master's negligence. The instruction in the instant case is held
to be erroneous in charging negligence as a matter of law in
choosing the more dangerous method.

**Same:** PROXIMATE CAUSE. The instruction in this case was also ob-
jectionable for failure to require a finding that a choice of the
more dangerous method of performing the duty caused or con-
tributed to the injury complained of.

Judgments: REVERSAL. A judgment will not be reversed because of
3    errors in the instructions, where upon the whole record a different
     judgment or verdict could not have been sustained.

Master and servant: NEGLIGENCE: EVIDENCE. Plaintiff, a man of
4    maturity and ordinary intelligence, had been in the employ of
     defendant for some time, and while assisting in moving his stock
     of goods from one store room to another was injured in jumping
     from a shelf constructed to hold material. The construction of the
     shelf was open and obvious to ordinary inspection and did not
     have the appearance of having been constructed as a place for
     employees to stand. Plaintiff and another employee had over
     loaded the shelf and the. wire supports gave way, when plaintiff
     jumped from the shelf to the floor and was injured. *Held,* that
     such facts were not sufficient to establish negligence on the part
     of defendant, which would render him liable for the injury.

*Appeal from Woodbury District Court.*—HON. WM. HUTCH-
INSON, Judge.

THURSDAY, FEBRUARY 12, 1914.

ACTION at law to recover damages for personal injury.
There was trial to a jury and verdict for defendant. The
plaintiff appeals. The material facts are stated in the opin-
ion.—*Affirmed.*

*Fred H. Schmidt* and *Shull, Farnsworth, Sammis & Stil-
will,* for appellant.

*Sargent, Strong & Struble,* for appellee.

WEAVER, J.—The defendants are the proprietors of a tin
shop in Sioux City, and at the time of the alleged accident
were moving their tools, machinery, and materials from one
location to another on the opposite side of the street. Plain-
tiff was then, and for two and one-half years had been, an
employee in said shop. He worked as plumber, tinner, and
general repair workman, and on the occasion in question was
assisting in the work of moving the shop and placing and
storing the materials in the new building. For the con-

venient storing of some of the material, a platform or shelf six or seven feet above the floor had been constructed along one of the side walls of the shop. The back side of the shelf was supported by a scantling or joist spiked to the wall, and the front side rested upon another joist which was suspended by wires of No. 9 gauge hung from screw hooks inserted in the ceiling above. This shelf was about three feet wide, some thirty-five to forty feet in length, and the supporting wires were hung at intervals of six to eight feet. Among other materials, quite a large quantity of valley tin in the form of rolls, averaging fifty pounds each, were carried to the new shop and laid upon the floor preparatory to more orderly arrangement for storing them. Plaintiff, with the assistance of other employees, began piling the valley tin on the shelf. In so doing he mounted the shelf, received the rolls of tin passed up to him, and piled them up until the weight so carried aggregated from 3,000 to 3,500 pounds. At this juncture the screw hooks began to give way, and, seeing his danger in time, plaintiff jumped to the floor below. None of the material fell upon him, and he did not then know or realize that he was hurt, but claims that within a few days he developed a rupture which he attributes to his experience as above recited. After being in the hospital about two weeks, he returned to his work for defendants and continued in their employment for several months. He did not inform defendants of his alleged injury or present any claim against them until this action was begun, nearly two years later, to recover damages on the theory that the fall of the shelf and plaintiff's alleged injury were the proximate result of defendants' failure to exercise reasonable care to provide him a safe place to work. There was a verdict and judgment for defendants, and from said judgment this appeal has been taken.

The abstract prepared and filed by appellant sets out the pleadings and the charge of the court to the jury, but contains none of the evidence except a brief extract from the cross-examination of the plaintiff and parts of the testimony

of two or three other witnesses giving their opinions of the proper manner of doing work like that in which plaintiff was engaged. But one error is assigned, and this relates to the giving of a single paragraph of the court's charge to the jury.

The criticised paragraph reads as follows: Par. 13: "You are instructed that if you believe from the evidence that the plaintiff got onto said shelf as a matter of convenience for the purpose of piling material thereon, and there was another and safer way known to the plaintiff, or in the exercise of reasonable care and caution which ought to have been known, for the purpose of placing said materials upon the shelf, then he cannot recover in this case, and your verdict will be for the defendant." In an amended abstract the appellee sets out the entire evidence. If this instruction is to be construed (and we think it must) as stating the rule of law to be that, where there are two ways in which a servant may perform a given duty, one being less safe than the other, the fact that he chooses the former and is injured operates as a matter of law to defeat his recovery of damages on account of the master's negligence, it cannot be approved. *Gibson v. Railroad Co.*, 107 Iowa, 602; *Steele v. Grahl*, 135 Iowa, 427; *Huggard v. Glucose Co.*, 132 Iowa, 740; *Stephenson v. Brick Co.*, 151 Iowa, 371.

<span>1. MASTER AND SERVANT : negligence of servant : instruction.</span>

Counsel for appellee concedes the rule of the cited cases to be against the proposition that the choice of the more dangerous of two ways of performing a duty is negligence *per se*, but argues that the introduction of the phrase "as a matter of convenience" so far qualifies the instruction as to avoid the point of the appellant's criticism. In this view we are unable to concur. It may well happen that the way adopted by a servant may be the more dangerous one, yet, if it should appear that it is the more direct, easy, or convenient method, such fact may fairly be considered by the jury as bearing upon the question whether he exercised the care of an ordinarily prudent person. The thought is clearly implied in

the court's discussion of all the cases in which the question has been considered.

Moreover, this particular instruction is erroneous, not only in making the choice of the more dangerous way negligence as a matter of law, but in failing to require the jury to

2. SAME: proximate cause.

find that such negligence caused or contributed to the injury of which plaintiff complains. See *Gray v. Railway Co.*, 160 Iowa, 16. This conclusion would necessitate a reversal of the judgment below, unless it further appears from the record that the error is without prejudice, and such is the contention of the appellee. It makes the point that, taking the record as a whole, the court must hold as a matter of law: (1) That plaintiff received no injury as alleged; (2) that no actionable negligence on defendant's part is shown by the evidence; (3) that plaintiff is chargeable with contributory negligence; and (4) that the negligence, if any, of which plaintiff complains was that of a fellow servant. In other words, it is the appellee's position that, conceding the truth of everything which the evidence tends to show, plaintiff has still failed to make a case, and a verdict in his favor would have to be set aside as having no support in the record, and that, such being the situation, the error in instructing the jury must be disregarded.

That this court will not reverse a judgment because of errors in charging a jury; where on the whole record a different judgment or verdict could not have been sustained, is

3. JUDGMENTS: reversal.

well settled. See *Blair T. L. Co. v. Hillis*, 76 Iowa, 246; *Alline v. Le Mars*, 71 Iowa, 654. Turning, then, to the record, we have no hesitation in holding that there is no merit in the defendant's claim that the fact of plaintiff's injury has no support in the evidence or in the point that such injury is chargeable to a fellow servant.

When, however, we come to inquire whether any negligence has been shown on the part of defendants, we have to

concede our entire inability to discover testimony on which

4. MASTER AND SERVANT: negligence: evidence.

such a finding could be sustained. Want of due care on the part of defendants is alleged to exist in their failure to provide plaintiff a safe place to work, in the improper structure and support of the shelf, and in improperly ordering and directing the plaintiff to work in such dangerous position. There is no evidence whatever that plaintiff was ordered or directed by the defendants, or by any one having the right to control his movements, to climb upon the shelf. He says some one, he does not remember who it was, told him to get up there. Again he says that one of the fellow employees suggested that he get upon the shelf and they would pass the rolls of tin up to him, and that he acted upon the suggestion. There is no evidence that the shelf was built with the purpose or expectation that it would be used as a place on which employees would stand while handling goods.

The fact seems to be well established that plaintiff, who was a person of two and one-half years' experience in the employment of defendant, together with other workmen, were put to the task of removing and arranging the stock and materials and left to do the work very much in their own way. They first deposited the tin on the floor and then turned their attention to placing and arranging it as they deemed expedient. The idea of using the shelf as a place for storing the valley tin appears to have been their own. In the shop which they were leaving, it had been kept on the floor. As we have said, no one in authority ordered the material to be so placed, much less ordered or directed any one to mount the shelf for that purpose. We see nothing in the situation from which even an invitation so to do could be implied. There were stepladders and boxes at hand on which the workmen could have stood to lift the rolls to the shelf. The method of constructing the shelf and its suspension by the hanging wires were plainly observable. That there was a limit to its capacity to carry weight must have been plain to even the

most casual thought of persons of their experience. One of the workmen swears that he called the attention of the young men to the fact that they were overloading the shelf. There is evidence that at some stage of the proceeding one of the defendants passed through the room on one or more occasion. Nothing appears to have been said by him to any of the men; he gave no orders; and what he may have seen is only a matter of inference. The shelf was clearly safe enough for storage of materials except those of considerable weight, and was made unsafe only by the acts of plaintiff and his companions in loading it beyond its capacity and using it as a platform on which to stand. No doubt they were acting in good faith, but it does not follow that an injury resulting from their lack of judgment or lack of thought should be charged to the account of their employers. Had plaintiff been ordered to mount the shelf and suffered injury in carrying out such order, a very different question would be presented. The responsibility of the master for the safety of the shelf for such purpose, and the due care of the servant in obeying the direction given him, might well, then, be held to be jury questions; but in the entire absence of any showing that defendants directed, intended, or expected the shelf to be loaded as plaintiff loaded it, or that it should be used by him as he was using it, we are of the opinion that a verdict in his favor would have been without support in the testimony and could not have been permitted to stand.

It follows that the error in the charge to the jury was without prejudice to the defense, and the judgment appealed from must be and is *Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.