CARL FERBER, Appellant, v. GREAT NORTHERN RAILWAY COMPANY, Appellee.

FEBRUARY 14, 1928.

*Burgess & Gill*, for appellant.

*Jepson, Struble, Anderson & Sifford*, for appellee.

ALBERT, J.—Plaintiff operates a farm within the corporate limits of the city of Sioux City, Iowa, near which runs the line of defendant railway company. There is no dispute that two fires occurred on the 3d and 25th of March, 1925, respectively, which burned over part of the farm of plaintiff and caused some damage. The two dominating questions at the time of the trial were: First, whether the defendant railroad company set said fires, and second, the amount of damage sustained.

The evidence introduced on behalf of the plaintiff was sufficient to take the case to the jury, and no question was raised with reference thereto. Among other things, the jury was instructed on the question of mitigation of damages, and plaintiff insists that the same was not an issue in the case, because not pleaded. There is evidence in the case, however, even from the plaintiff himself, in which he admits that he knew of these fires, and made no effort whatever to stop them or to reduce the damages.

Section 11173, Code of 1924, provides:

"No mitigating circumstances shall be proved unless pleaded, except such as are shown by or grow out of the testimony introduced by the adverse party."

The testimony introduced by plaintiff in this case tends to show that he was informed and knew of said fires, and made no effort whatever to mitigate his damages. This comes clearly within the exception of the statute, and the court properly instructed the jury thereon.

Further than this, plaintiff insists that the instruction on mitigation of damages is not referred to in Instructions 1, 2, and 3, which set out and limit the issues. Plaintiff is not in a position to complain about this, because the error was against the defendant, and not against the plaintiff, and, the jury having

found for defendant, plaintiff was not injured thereby; and if it be error, it is error without prejudice.

Plaintiff further insists that the instruction placed upon the plaintiff the burden of disproving defendant's affirmative issue of mitigation of damages, instead of placing such burden upon the defendant. We find no instruction to which this complaint is applicable. When plaintiff established the fact that the fires were set by the engines of the defendant railway company, and showed his damages, this made a prima-facie case for him, under Section 8160, Code of 1924. So long as the court sent the case to the jury, the plaintiff had the full benefit of this claim, and there is nothing in the instructions that conflicts therewith.

Complaint is made of an instruction on circumstantial evidence. This instruction reads as follows:

"The evidence offered and relied upon by the plaintiff to establish the allegation that a switch engine started said fires is of a kind and character known as and called in law circum-stantial evidence. Circumstantial evidence is proof of certain facts and circumstances in a certain case from which the jury may infer other and connected facts which usually and reasonably follow, according to the common experience of mankind. Circumstantial evidence is legal evidence, and is not to be disregarded merely because it is circumstantial. Circumstantial evidence may be weak and of little weight, and it may be quite as conclusive in its convincing power as direct and positive evidence of eyewitnesses. When it is strong and satisfactory, the jury should so consider it, neither enlarging or belittling its force. A fact sought to be proven cannot be said to be established by circumstantial evidence alone, unless the circumstances relied upon and proven are of such a nature and are so related to each other that it is the only conclusion that can be reasonably drawn from them. It is not sufficient that they are merely consistent with the facts sought to be proven. However, the circumstantial evidence should have its just and fair weight with the jury, and if, when it is taken as a whole, and fairly and candidly weighed, it convinces the guarded judgment, the jury should give such circumstantial evidence its just and proper weight. You are not to fancy situations and circumstances which do not appear in the evidence, but you are to make those just and

reasonable inferences from the circumstances proven which the guarded judgment of a reasonable person would ordinarily make under like circumstances, and you will consider the same in connection with all other evidence, facts, and circumstances proven upon the trial.''

Under the evidence in the case, there was no eyewitness to the fact that any of the locomotives of the defendant emitted sparks or fire of any kind, nor is there any eyewitness to the starting of either of these fires. From a reference to the instruction of which complaint is made, it will be noticed that the instruction limits itself to the allegation that a switch engine started these fires, and says, in substance, that the evidence tending to show these facts is wholly circumstantial. What else could be the situation in this case? The instruction is strictly in accord with what we said in the case of *Kennedy v. Chicago & N. W. R. Co.*, 90 Iowa 754:

''No one is called who witnessed the accident, and therefore the cause has to be determined from the circumstances.''

In the case of *Asbach v. Chicago, B. & Q. R. Co.*, 74 Iowa 248, we said, with reference to the question of circumstantial evidence:

''A theory cannot be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent, merely, with that theory, for that may be true, and yet they may have no tendency to prove the theory. This is a well-settled rule, and it is manifest that under it plaintiff's theory is not established. The facts relied upon to prove it are quite as consistent with the theory that the animal went upon the bridge of his own volition, as that he was frightened by something else than a train, and ran upon it, as with it. Plaintiff, then, has not shown the cause of the injury.''

This has been our holding since the *Asbach* case. See, also, *Kling v. Chicago, M. & St. P. R. Co.*, 115 Iowa 133; *Gibson v. Iowa Cent. R. Co.*, 136 Iowa 415; *Johnson v. Corn Products Ref. Co.*, 157 Iowa 420; *Ohlson v. Sac County Farmers' Mut. F. Ins. Assn.*, 191 Iowa 479; *Hemminger v. City of Des Moines*, 199 Iowa 1302.

There is nothing whatever in the instruction given that is inconsistent with this rule. In fact, the body of the instruction is apparently a copy of what we said in the *Asbach* case.

Complaint is made of the portion of the instruction which says: .

"A fact sought to be proven cannot be said to be established by circumstantial evidence alone, unless the circumstances," etc.

Complaint is made of the use of the word "alone." We think it was appropriate, and in no way impinged upon the rule laid down.in the *Asbach* case. That we are not mistaken as to this situation in the record is proven by the following statement from appellant's brief and argument, at page 41:

"The circumstance that no one actually saw the wind carry sparks or cinders from the defendant's locomotive to its right of way, or to the plaintiff's field, and that no one actually saw the sparks or cinders fall to the ground and start the fires, is the only circumstantial evidence in this record."

Appellant cites a long line of authority in this state on the proposition that the circumstantial evidence need not exclude every other reasonable hypothesis. With this doctrine we have no contention. The instruction attacked does not contain any such statement, but is strictly in accord with our previous rulings.

This same instruction is also attacked for the use of the words "guarded judgment" therein. The use of the word "guarded" is unfortunate, but neither brief cites any authority  on this proposition, nor have we in an independent search been able to find any touching this exact question. But taking the instruction as a whole, as elaborated in Instruction 8 following, we do not feel that the use of the word "guarded" in its setting in this instruction was reversible error. Generally, however, its use should be avoided.

This instruction is further attacked wherein it says:

"Circumstantial evidence may be weak and of little weight, and it may be quite as conclusive in its convincing power as direct and positive evidence of eyewitnesses. When it is strong

 and satisfactory, the jury should so consider it, neither enlarging nor belittling its force.''

The complaint is as to the use of the words ''strong and satisfactory.'' This amounts to no more, however, than saying that, if the jury found this evidence to be strong and satisfactory, they should so consider it, and that they were not to enlarge or belittle its force because of the fact that it was circumstantial evidence. We can see no error in this. If error it be, it is more favorable to the plaintiff than to the defendant; hence the plaintiff cannot complain.

Complaint is made of Instruction No. 9, which reads as follows:

''In determining whether or not the fires in question, or either of them, was started by sparks emitted from the switch engine in question, you may and should consider, so far as shown by the evidence, the other causes, if any, from which said fire or fires might have originated.''

The complaint about this instruction is that there is not a scintilla of evidence in the record to show that the fires originated from any ''other causes'' than sparks from defendant's locomotive. The instruction is, however, guarded both ways. First, it is limited by the phrase ''so far as shown by the evidence,'' and second, followed by the limitation specified by the words ''if any.'' We feel that this is a sufficient limitation on this instruction. The alleged error is not valid.

Instruction No. 5 is complained of because it directs the jury that the burden of proof is on the plaintiff to prove by a preponderance of the evidence the allegations of his petition, as set out in Paragraph 1 of the instructions. The complaint is that this is erroneous because it is incomplete, and an incorrect statement of the law under Section 8160, Code of 1924. The instruction was a general instruction on burden of proof. The full benefit of Section 8160, Code of 1924, was given to the plaintiff by subsequent instructions in the case.

It is insisted that the verdict of the jury is not sustained by the evidence. Suffice it to say that, under the theory of plaintiff in his case and the instructions of the court, if the plaintiff proved his damages, this, plus the provisions of the aforesaid Section 8160, made a prima-facie case for him. The

real fight in this case seems to have been, first, whether the railroad company set one or both of said fires, and second, if so, the amount of damage. Both of these questions, under the record, were questions for the jury, and, they having passed upon them, they are settled, and cannot be reviewed by us.

We have read the record carefully, however, and feel that there is sufficient evidence to support the verdict.—*Affirmed.*

FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.