LOTTA J. COMPARET, Appellant, v. WM. H. METZ COMPANY, Appellee.

No. 43822.

MARCH 9, 1937.

Bump, Graeser & Bump, for appellant.

Lehmann, Hurlburt & Hossfeld, for appellee.

KINTZINGER, J.—On the afternoon of April 13, 1935, plaintiff entered the lobby of a substation of the Des Moines post office on Grand Avenue, and proceeded to the stamp window to purchase stamps. This window was immediately adjacent to a doorway leading from the lobby to the rear part of the post office. After purchasing stamps she turned around to go to a money order window. In turning she stumbled against a mail sack standing as high as her waist against the adjacent doorway, and fell onto the floor, as a result of which she claims to have received serious and painful injuries, permanently impairing the use of her legs. The case was submitted to a jury and a verdict of $150 was returned in her favor. The plaintiff, feeling the verdict inadequate, filed a motion for a new trial, which was overruled, and she appeals.

Plaintiff contends that the court erred (1) in failing to include in its instructions the damage resulting from the permanent injury and future impairment of the use of her legs; and (2) in failing to grant a new trial because of the inadequacy of the verdict.

Appellee contends that even though it be conceded that the

instructions were erroneous as claimed, and even though the amount allowed for the injuries received was inadequate, the errors were not prejudicial because under the facts plaintiff was not entitled to a verdict in any amount, and that defendant's motion for a directed verdict should have been sustained upon the ground that plaintiff failed to establish by a preponderance of the evidence that the injury and damage alleged were in any manner caused by any employee of the defendant.

 It is the settled rule of law in this state that if plaintiff has failed to establish the material allegations of her petition by a preponderance of the evidence, or if the trial court should have sustained defendant's motion for a directed verdict for such reason, then subsequent errors upon other grounds are not prejudicial. Alline v. City of LeMars, 71 Iowa 654, 33 N. W. 160; Blair Town Lot & Land Co. v. Hillis, 76 Iowa 246, 41 N. W. 6; Spencer v. Taggart, 162 Iowa 564, 144 N. W. 299; Brown v. Hunt et al., 163 Iowa 637, 145 N. W. 310; Mulroney Mfg. Co. v. Weeks, 185 Iowa 714, 171 N. W. 36; Conway Bros. v. Iowa H. M. Ins. Assn., 190 Iowa 1369, 181 N. W. 768; Dye Produce Co. v. Davis, 202 Iowa 1008, 209 N. W. 744; Foley v. Mathias, 211 Iowa 160, 233 N. W. 106.

In Blair Town Lot & Land Co. v. Hillis, 76 Iowa 246, loc. cit. 249, 41 N. W. 6, 8, this court said:

"This instruction was not correct * * *. But * * * that part of the charge * * * was without prejudice to the plaintiff. We say this because in our opinion the jury upon the undisputed facts could have found no other verdict than that they did find."

In Mulroney v. Weeks, 185 Iowa 714, loc. cit. 717, 171 N. W. 36, 37, this court said, speaking through Justice Evans:

"We think it clear, therefore, that the plaintiff was entitled to a directed verdict, though it did not ask for one. Having obtained its verdict from the jury, it may defend the same on the same grounds upon which it might have demanded a directed verdict. The fact that it was entitled to a directed verdict renders errors to other issues nonprejudicial."

In Conway Bros. v. Iowa H. M. Ins. Assn., 190 Iowa 1369, loc. cit. 1373, 181 N. W. 768, 770, this court said:

"The trial court could have correctly sustained plaintiff's motion for a directed verdict, on the evidence and issues made. This being true, subsequent errors in the record, if any, are not prejudicial and reversible."

In Dye Produce Co. v. Davis, 202 Iowa 1008, loc. cit. 1017, 209 N. W. 744, 748, this court said:

"While there was error in placing upon plaintiff a greater burden of proof than it was required * * * to carry, this will not entitle it to a reversal if, upon the record made, it must be said that it was not, in any event, entitled to a verdict. If, upon the evidence, a verdict for the plaintiff could not be sustained, plaintiff could not be prejudiced by a verdict against it rendered under an erroneous instruction."

In Foley v. Mathias, 211 Iowa 160, loc. cit. 163, 233 N. W. 106, 107, this court said:

"Many errors are alleged upon this appeal * * * but it is the established rule in this state that, where a plaintiff is entitled to a directed verdict, though he did not ask for it, errors as to other issues are without prejudice. * * * As was said by this court in Brown v. Hunt et al., 163 Iowa 637, 641, 145 N. W. 310, 312, '* * * this court will not reverse a judgment because of errors in charging a jury, where, on the whole record, a different judgment or verdict could not have been sustained, is well settled.' "

If, therefore, under the facts in this case, plaintiff was not entitled to any verdict, then defendant's motion for a directed verdict should have been sustained. In such event, any errors in the court's instructions were not prejudicial. In order to determine whether or not the directed verdict for defendant should have been sustained, a brief consideration of the evidence is necessary.

Plaintiff claims that her injuries were caused by the negligence of defendant's employee in placing a mail sack against the doorway immediately adjacent to the window at which she was purchasing stamps. The burden was upon her to establish by a preponderance of the evidence that this sack was negligently placed in that position by one of defendant's employees. The only evidence tending to sustain her contention is that she received the injuries complained of between three and four o'clock

in the afternoon on the day in question, and that one of defendant's employees left a mail sack in front of the door referred to on the same afternoon. The evidence shows without dispute, however, that defendant's employee was in the post office and left *his mail sack* against the doorway in question *at about five o'clock* on the afternoon of the same day. The evidence shows without dispute that it was the ordinary custom and practice of many patrons of this substation to place parcels and mail sacks in front of the door in question, and that many sacks and large parcels were placed against this doorway by its patrons prior to and after the time plaintiff was injured. The fact that plaintiff was injured by falling over a mail sack at the time in question would not in and of itself make the defendant liable therefor.

Plaintiff must further show by a preponderance of the evidence that the sack in question was placed there by one of defendant's employees. The undisputed testimony shows that plaintiff was in the post office buying stamps between three and four o'clock in the afternoon of the day she fell. She testified that there was no mail sack in front of this door when she passed it immediately before she arrived at the stamp window adjacent to the door in question. If there was no mail sack there at that time, it must have been placed there by someone immediately after she reached that window. She was there only long enough to purchase her stamps and turn around.

The undisputed evidence also shows that defendant's employee did not place any mail. sack against the doorway, and did not reach the post office until about five o'clock, and that when he did so, *there was no one at the stamp window.* He also testified that after leaving his mail sack at the door, he returned to his truck on the street and brought in two other packages which he placed in a mail chute, and that no one was near the sack at that time.

There is no testimony in the record in any manner showing that the mail sack left by defendant's employee was the same mail sack over which plaintiff stumbled. Nor is there any testimony in any other manner identifying the sack over which plaintiff stumbled, as being the one left there by defendant's employee. Nor is there any testimony showing that *no other* mail sack was left at the doorway in question that afternoon. As the testimony shows that mail sacks and other large parcels were frequently left at the door in question by various patrons of the

post office, it cannot be said that there is any direct evidence showing that the sack over which plaintiff fell was left there by defendant's employee. It may well have been left there by some other patron of the post office.

█■█ The evidence in this case is purely circumstantial, and it is the universal rule of law that there can be no recovery upon circumstantial evidence alone unless the circumstances are so clear that they are inconsistent with any other theory than that of defendant's liability. Where plaintiff's right of recovery depends upon conclusions to be drawn from circumstantial evidence, the evidence must be inconsistent with any other theory than that establishing the defendant's liability. Asbach v. C., B. & Q. Ry. Co., 74 Iowa 248, 37 N. W. 182; Daugherty v. C., M. & St. P. R. Co., 87 Iowa 276, 54 N. W. 219; Kennedy v. C. & N. W. R. Co., 90 Iowa 754, 57 N. W. 862; Kling v. C., M. & St. P. R. Co., 115 Iowa 133, 88 N. W. 355; Bryce v. C., M. & St. P. R. Co., 129 Iowa 342, 105 N. W. 497; Gibson v. Iowa Cent. R. Co., 136 Iowa 415, 113 N. W. 927; Ohlson v. Sac County Fire Ins. Assn., 191 Iowa 479, 182 N. W. 879; Hemminger v. City of Des Moines, 199 Iowa 1302, 203 N. W. 822; Tracy v. Liberty Oil Co., 208 Iowa 882, 226 N. W. 178; Stickling v. C., R. I. & P. R. Co., 212 Iowa 149, 232 N. W. 677.

In Asbach v. C., B. & Q. Ry. Co., 74 Iowa 248, loc. cit. 250, 37 N. W. 182, 183, this court said:

"A theory cannot be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent, merely, with that theory, for that may be true, and yet they may have no tendency to prove the theory. This is the well settled rule, and it is manifest that under it plaintiff's theory is not established."

The evidence in this case is not such that it is inconsistent with a theory that the sack over which plaintiff stumbled was not placed there by some other patron of the post office. It is, therefore, our conclusion that the circumstantial evidence in this case is not such that it is inconsistent with any other theory than that of defendant's liability.

We are, therefore, constrained to hold that plaintiff was not entitled to any verdict under the evidence offered, and that de-

fendant's motion for a directed verdict should have been sustained. It necessarily follows that she could not have been prejudiced by the erroneous instructions complained of.

As the judgment of the lower court was not appealed from, it must stand, and the same is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, STIGER, and SAGER, JJ., concur.