READ v. MIDDLETON, SHERIFF.

1. **Replevin:** OF UNDIVIDED INTEREST IN GROWING CROP. Where chattels of the same nature and quality, belonging to different owners, are mingled in one mass, any owner may claim his share by replevin; but where the property is not susceptible of division, as in the case of a growing crop, replevin will not lie, because the undivided share sought to be recovered cannot be seized and delivered to the plaintiff.

*Appeal from Harrison District Court.*

SATURDAY, DECEMBER 8.

THIS is an action of replevin, by which it was sought to recover an undivided half of twenty acres of growing corn. There was a demurrer to the petition, which was overruled, and defendant appeals.

*E. P. Cadwell*, for appellant.

*S. I. King* and *Evans & Roadifer*, for appellee.

ROTHROCK, J.—It apears from the allegations of the petition that, on the eighth day of June, 1881, an execution was issued on a judgment against P. E. Cromer. Said execution was levied upon an undivided half of twenty acres of grow-

ing corn, and the same was advertised to be sold on the sixth day of August, 1881. On the eleventh day of July, 1881, Cromer made a chattel mortgage on the corn to the plaintiff. This action was brought to recover the corn from the sheriff. Among other grounds of demurrer, it is claimed that the action of replevin will not lie for an undivided interest in a growing crop of grain. It is well settled that, where chattels of the same nature and quality belonging to different owners are mingled in one mass, any owner may claim his aliquot part by replevin. *Kauffman v. Schilling*, 58 Mo., 218; *Inglebright v. Hammond*, 19 Ohio, 337; *Ryder v. Hathaway*, 21 Pick., 305; *Young v. Miles*, 20 Wis., 615; *Kimberly v. Patchin*, 19 N. Y., 330.

But where the property of joint owners is not susceptible of division, as in case of a growing crop, or in case of the joint ownership of a single piece of property, replevin will not lie by one joint owner, because the property sought to be recovered is not susceptible of seizure and delivery to the plaintiff. *Kauffman v. Schilling, supra;* Wells on Replevin, 88 and 89. *Jones v. Dodge*, 61 Mo., 368, was an action in replevin to recover a part of a crop of corn standing ungathered in a field. It was held that a division of the crop by an officer was not practicable, and that the action would not lie, and that, to maintain the action, the property must be such as can be seized by the officer and delivered to the plaintiff. We think the demurrer to the petition should have been sustained.

                                        REVERSED.