MULRONEY MANUFACTURING COMPANY, Appellee, v. ANFIN O. WEEKS et al., Appellants.

TRIAL: Instructions—Province of Jury—Material Facts. Instruction submitting to the jury the question as to whether a person was "guilty of any of the *material* false acts or representations charged" was improper, where there was in the instructions no guide to the jury as to *what* false acts should be deemed material.

FALSE PRETENSES: Elements of Offense—Check without Funds for Property. The delivery of a check in payment of goods was a representation that it was good, and would be paid on presentation; and where the buyer securing possession of the goods knew that the check was false, and that there were no funds to pay the same, he was guilty of the crime of cheating by false pretenses.

APPEAL AND ERROR: Review—Harmless Error—Right to Directed Verdict. Where one was, under the issues, entitled to a directed verdict in his favor, and secured a verdict from the jury, error in instructions held nonprejudicial.

BANKRUPTCY: Ownership of Property—Securing Goods by False Pretenses—Rescission of Sale. The seller of goods to an insolvent buyer who obtained possession of the same by giving a

false check has the right, upon nonpayment of the check, to re-
scind the sale and recover the goods, and can enforce such right
against the buyer's trustee in bankruptcy; and a demand upon
buyer's assignee for benefit of creditors, who was a former em-
ployee of the buyer's, *held* a sufficient election to rescind; and
such a recovery does not work a preference under the Bank-
ruptcy Act.

*Appeal from Wright District Court.*—H. E. FRY, Judge.

## MARCH 14, 1919.

ACTION of replevin against the defendant Weeks and
his successors in title to recover property obtained by Weeks
from the plaintiff by false and fraudulent representations.
There was a trial to a jury, and a verdict for the plaintiff.
The defendant appeals.—*Affirmed.*

*Kenyon, Kelleher & Hanson,* for appellants.

*P. F. Nugent* and *Sylvester Flynn,* for appellee.

EVANS, J.—The ultimate defendant, Woodward, is a
trustee in bankruptcy, who is entitled, as such, to the pos-
session of the estate of the defendant Weeks, as a bank-
rupt.  Weeks was a merchant, operating stores in the small
towns of Holmes and Hardy, each a few miles distant from
Fort Dodge.  The plaintiff was a manufacturing concern,
located at Fort Dodge, and engaged in selling its product
to retail dealers.  It had dealt with Weeks for two or
three years.  In July, 1916, Weeks placed an order for
goods to the value of $802.70.  He was at that time al-
ready indebted to the plaintiff in the sum of over $600.
The plaintiff boxed the goods ordered in July, but refused
to part with the same until Weeks should make a substan-
tial payment upon the existing indebtedness.  On Septem-
ber 28, 1916, Weeks, desiring to obtain the goods ordered in
July, delivered to the plaintiff his check for $223.47, to
apply on the past-due account.  The plaintiff, relying upon

the check as being good for the amount, delivered the July order. The check was delivered by Weeks to a traveling agent of the plaintiff's, who sent the same by mail to the plaintiff, and the plaintiff sent the same by mail to the Bank of Holmes, upon which it was drawn, and where it went to protest. There had been no funds there to meet such check on the date thereof, or on any later date. Weeks made an assignment for the benefit of his creditors, and absconded. Later, a petition in bankruptcy was filed, and the estate is. now in the bankruptcy court. The claims allowed against it amount to more than $25,000, and the total assets are a little more than $3,000. The foregoing are the salient facts in the case.

I.   The appellant complains that the instructions of the trial court, in its statement of the issues, embodied the entire petition, without discrimination, and that they did not in any manner advise the jury as to what were the material allegations necessary for the plaintiff to prove, in order to recover. The instructions are fairly subject to criticism in the respect indicated. The petition was rather prolix in its allegations. Under its allegations, a right of recovery could be predicated upon either one of two or more grounds:

(1)   That Weeks had obtained the possession of the goods from the plaintiff by false pretenses, in that. he had delivered to the plaintiff a false check, knowing it to be false, and knowing himself to be insolvent, and that the plaintiff had received the same believing it to be good.

(2)   That Weeks had obtained the goods by false pretenses, in that, knowing himself to be insolvent, he contracted for and received the goods, with an intent not to pay for them.

Other allegations in the petition were quite immaterial, except so far as they were evidentiary, and bore upon the grounds here set forth. The question to be determined by

1. TRIAL: instruc-
tions: province
of jury: mate-
rial facts.
the jury was not well submitted by In-
struction 5, complained of, in the broad
statement that, "if it is shown that Weeks
was guilty of any of the material false acts or representa-
tions charged." Other than the foregoing, there was no
guide to the jury as to what false acts should be deemed
material.

Upon the record before us, however, we think that the
failure of the instructions in this regard is not available
to the appellant for the purpose of a reversal. The first
ground upon which the plaintiff has predicated its claim,
as we have set forth above, is sustained by the undisputed
record. Weeks was insolvent. He presented

2. FALSE PRE-
TENSES: ele-
ments of of-
fense: check
without funds
for property.
a false check, knowing it to be false. He
obtained thereby the possession of the goods
in controversy. The delivery of the check
was a representation that it was good, and
would be paid on presentation. In obtaining possession of
the goods thereby, Weeks became guilty of the crime of
cheating by false pretenses. State v. Foxton, 166 Iowa 181.

3. APPEAL AND
ERROR: review:
harmless error:
right to di-
rected verdict.
The reliance of the plaintiff upon the check
is also proven without dispute. We think
it clear, therefore, that the plaintiff was en-
titled to a directed verdict, though it did not
ask for one. Having obtained its verdict from the jury, it
may defend the same on the same grounds upon which it
might have demanded a directed verdict. The fact that it
was entitled to a directed verdict renders errors as to other
issues nonprejudicial.

We do not overlook that the defendant pleaded the
negligence of the plaintiff in not discovering the insolvency.
We think this contention has no support in the record. If

it did, and if it were found that the plaintiff

4. BANKRUPTCY:
ownership of
property: secur-
ing goods by
false pretenses:
rescission of
sale.

ought to have known of the insolvent condition of Weeks, the plaintiff still had a right to rely upon the genuineness of the check, and to assume that Weeks had the funds on deposit at the bank to meet the same.

It is also urged by the appellant that there was no notice of rescission given to Weeks, or to his assignee or trustee. There was an·immediate demand for the possession of the goods. It was made upon Worra, the assignee and former employee of Weeks. Weeks had absconded. The demand was a sufficient election to rescind. The goods were at that time in their original boxes, unopened, and were in such condition when taken on the writ of replevin. We think the plaintiff was clearly entitled to retake the goods. The exercise of such right by the plaintiff, or the recognition of it by the court, does not work a preference in violation of the provisions of the Federal statute; nor is it inimical in any way to the Federal law. The judgment below is—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.