CITIZENS SAVINGS BANK OF LETTS, Appellee, v. ALEX N. HERRING, Appellant.

**BILLS AND NOTES: Form—Effect.** The *form* of a negotiable promissory note, although authorized by law, might be a circumstance of some weight in determining a claim of fraud in its procurement.

**BILLS AND NOTES:** Fraud—Promise to Pay—Estoppel. The fact
2  that the maker of a negotiable promissory note promised the in-
   dorsee to pay the note does not constitute a waiver of the right to
   plead fraud in the inception of the note, when the indorsee in no
   manner changed his position because of such promise.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

OCTOBER 23, 1923.

ACTION upon a promissory note. Verdict and judgment for
plaintiff.    Defendant appeals.—*Reversed.*

*Walter M. Davis,* for appellant.

*R. P. Howell* and *Arthur Springer,* for appellee.

STEVENS, J.—The note in suit was given by appellant, is
made payable to himself, and indorsed in blank by him. It was
delivered to an agent of the Disposal Plants Company. The
consideration was stock in the above company, to be later issued
and delivered to appellant. No stock was ever issued or delivered
to him. The note passed into the hands of appellee, as it claims,
as an innocent purchaser. The defendant set up fraud in the
inception of the note. The plaintiff replied, admitting that the
representations alleged in defendant's answer and relied upon
as constituting fraud were made, as charged, but denied notice
or knowledge thereof. Under the issues, plaintiff assumed the
burden, and went forward with its proof..

The only errors complained of are as to three paragraphs
of the court's charge to the jury. The court in one paragraph
instructed the jury that the law authorized the making and nego-

1. BILLS AND
   NOTES: form:
   effect.

tiating of notes in the form in which the note
in question appeared, and that the form thereof
was not a circumstance to be considered by the
jury in determining the question of fraud; in another, that, if
they found that the defendant, at the time he had a conversation
with the officer of the bank, knew of the alleged fraud practiced
upon him in securing the note, and agreed to pay it, he thereby
waived the fraud, and a verdict should be returned for the

plaintiff. The instruction on the form of a note and its nego-
tiation is not, *per se,* erroneous. Whether it is true in this case
or not, it is possible that the form of the note, although author-
ized by law, might be a circumstance of some weight in deter-
mining a claim of fraud in its procurement. Standing alone,
it could not be considered as a circumstance tending in any
degree to establish fraud. A reversal of the judgment in this
case cannot properly be based upon alleged error in giving this
instruction. The form of the note in question is authorized by
the Uniform Negotiable Instrument Law, and its validity could
not be impeached because its negotiability could have been pre-
served in some other form.

The note bears date August 17, 1920, and came due Febru-
ary 1, 1921. It was purchased by the bank very shortly after it
was executed. The vice president, bookkeeper, and assistant
cashier of the bank testified that appellant came
into the bank, some time before the maturity of
the note, and asked to see it; that on this occa-
sion he was asked by the vice president whether there was any-
thing wrong with the note, and if he wanted to pay it; and that
he replied, ''No, not right now,''—that he wanted to look at it, to
see how it was drawn, and that he would ''take care of it a little
later.'' Appellant's version of the conversation was slightly
different. He testified, and is corroborated by the testimony of
a witness by the name of Timmerman, who was with him at the
bank, that the vice president got the note, and asked him if he
wanted to pay it; that he replied, ''no,''—that he would take
it up, or see about it, later; that the vice president asked him if
there was something wrong with the note; that he replied:

2. BILLS AND
NOTES: fraud:
promise to pay:
estoppel.

''No; I guess it is all right. It is the one I made out. I
told him that it was the note I made out.''

The court, as stated, instructed the jury that, if the de-
fendant, at the time this conversation was had, knew of the
fraud, and agreed to pay the note, he thereby waived the fraud,
and a verdict should be returned for the plaintiff. It is not
claimed that the bank was in any way prejudiced by the state-
ments of appellant, or that it changed its position with respect
to the note, in any particular. It was signed and indorsed by
appellant only. The mere promise to pay the note under the

circumstances detailed did not constitute a waiver of appellant's right to plead fraud in its execution. This question is foreclosed by our decision in *Ford v. Ott*, 186 Iowa 820.

The instruction was clearly erroneous, and a reversal must follow, unless, as contended by appellee, a verdict should have been directed by the court in its favor. We have held that where, under the issues, a verdict should have been directed, error in an instruction in favor of the successful party is nonprejudicial. *Mulroney Mfg. Co. v. Weeks*, 185 Iowa 714.

The facts relied upon to sustain the appellant's plea of fraud were admitted by appellee, and the only question of fact to be submitted to the jury was whether the bank had notice thereof at the time the note was purchased. No motion was made for a directed verdict. The officers of the bank testified quite fully concerning the purchase of the note and their knowledge of the business and transaction of the Disposal Plants Company; but viewing the record in its entirety, we are not convinced that the instruction was not prejudicial upon the ground that a verdict should have been directed for plaintiff. As to the merits, we express no opinion, further than to say that, in view of the error pointed out, and of the issues, the motion for a new trial should have been sustained. We deem it unnecessary to discuss the remaining instruction complained of. The judgment of the court below is, therefore,—*Reversed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.