John Lyons et al., appellants, v. John Shearman, appellee.

No. 48391.

(Reported in 62 N.W.2d 196)

JANUARY 12, 1954.

Chas. E. Hird and Eugene R. Melson, both of Jefferson, for appellants.

Harris, Hanson & Harris, of Jefferson, for appellee.

HAYS, J.—Appeal by plaintiffs from a judgment on a verdict for the defendant in a replevin action.

Plaintiffs assert six errors as a basis for a reversal. The defendant in support of the judgment presents four propositions, one of them alleging that replevin does not lie, under the facts in this case; that therefore any errors committed by the trial court in the submission to the jury are without prejudice. Such procedure by the defendant is authorized under our practice. In Mulroney Mfg. Co. v. Weeks, 185 Iowa 714, 717, 171 N.W. 36, 37, we said: "We think it clear, therefore, that the plaintiff was entitled to a directed verdict, though it did not ask for one. Having obtained its verdict from the jury, it may defend the same on the same grounds upon which it might have demanded a directed verdict. The fact that it was entitled to a directed verdict renders errors as to other issues nonprejudicial." See also Foley v. Mathias, 211 Iowa 160, 233 N.W. 106, 71 A. L. R. 696; Comparet v. Wm. H. Metz Co., 222 Iowa 1328,

271 N.W. 847. Defendant's proposition, if correct, is determinative of this appeal and will be considered first.

I.   Was defendant entitled to a directed verdict?

As to the facts, there is little dispute. Plaintiffs, as partners, are cattle feeders, as likewise is defendant. They occupy adjoining farms. Plaintiffs had recently purchased 91 white-faced steers and placed them in a stalk field adjoining defendant's field. Forty-one head carried a Nebraska brand on their right hip and 50 head carried a South Dakota brand on their left hip. In defendant's field were 26 head of white-faced steers, presumably bearing a distinctive brand. All brands were overgrown with hair. Immediately thereafter one of plaintiffs' steers went through the fence and intermingled with defendant's. All parties knew of this fact and numerous attempts were made by them to identify the steer. At plaintiffs' request, defendant roped and clipped one steer, but found it did not carry the correct brand. Defendant refused to permit the roping of more steers until the right one was found. Identification was impossible. Lyons, a plaintiff, testified: "Shearman never refused us any steer in the lot that was ours. Shearman said he had an extra steer and believed one of them was ours. Neither Shearman, Tasler or I could figure out which steer it was."

Thereafter this action was commenced. A writ was issued to the sheriff, which called for one white-faced steer weighing about 1100 pounds, of Hereford breed, bearing either a brand (described) on his left hip or brand mark (described) on his right hip. The writ was served and returned unexecuted. The sheriff testified: "I looked over the steers and found none that I could identify as the steer. * * * In my judgment I made all the search I possibly could or knew how to do, to make, to execute the writ."

While not material to this appeal, it appears that later defendant shipped the 27 head of steers to Chicago and sold them. There, the steer was identified and the proceeds thereof is now held in Chicago, by the Commission House.

II.   Replevin is a statutory proceedings and is governed by chapter 643, Code of 1950. Section 643.1 provides, in part, that plaintiff state in his petition a particular description of the property sought to be recovered, together with the facts consti-

tuting his right to present possession thereof. The only issue on this phase is the extent and meaning of the words "a particular description of the property sought." No one questions plaintiffs' right to present possession of one of the steers; the question is *which one*.

██ ██ 46 Am. Jur., Replevin, section 2, page 6, defines replevin as "a proceeding by which the owner or one who has a general or special property in the thing taken or detained seeks to recover possession in specie, the recovery of damages being only incidental." At page 53 of 46 Am. Jur., Replevin, section 94, it is said that the property must be described with sufficient clarity "so that it can be identified by the officer serving the process." 77 C. J. S., Replevin, section 9, states: "Ordinarily replevin may be brought to recover any specific personal property unlawfully taken or detained from the owner thereof, provided such property is capable of identification and delivery." Chadwick v. Miller, 6 (Clarke) Iowa 34, states that the action of replevin is controlled by the common law subject to modifications made thereof by statute. In City of Fort Dodge v. Moore, 37 Iowa 388, we held that a description in a petition for replevin, which would pass title in a chattel mortgage, is sufficient. To the same effect see Read v. Middleton, 62 Iowa 317, 17 N.W. 532; Smith Lumber Co. v. Scott County Garbage etc. Co., 149 Iowa 272, 128 N.W. 389, 30 L. R. A., N. S., 1184; Eller v. Myers, 229 Iowa 114, 294 N.W. 232. See also 15 C. J. S., Confusion of Goods, section 10; 11 Am. Jur., Confusion of Goods, sections 2 and 12; In re Assignment of Thompson, 164 Iowa 20, 145 N.W. 76, Ann. Cas. 1916D 1210.

██ Our statutes show no change, so far as the description of the chattel is concerned, from the common law. In fact, by requiring plaintiffs to allege a particular description of the property, it embodies the common law. While it is true as asserted by plaintiffs that right to present possession is the gist of the action, unless the chattel, subject matter of the action, is so described that it may be identified by reasonable means, the right to possession means nothing. He must show *what* he is entitled to possess.

Plaintiffs, under this record, have failed to establish the necessary allegations of their petition, and, under the rule an-

nounced in Mulroney Mfg. Co. v. Weeks, supra, the judgment must be affirmed, without prejudice, however, to plaintiffs' right to pursue any other remedy that may be available to them. Affirmed.

All JUSTICES concur.