**Bobbie Ellis EDWARDS, Administrator of the Estate of John Russell Lucious, Deceased; and Bobbie Ellis Edwards, Individually, Plaintiff-Appellant,**

v.

**CITY OF DES MOINES, Iowa, Defendant-Appellee.**

No. 83–33.

Court of Appeals of Iowa.

April 24, 1984.

Stuart M. Pepper, Des Moines, for plaintiff-appellant.

Terrence A. Hopkins of Hopkins & Huebner, · Des Moines, for defendant-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

Plaintiff's decedent, John Russell Lucious, was stabbed during a street disturbance and died shortly thereafter, after being brought inside his mother's house.

Plaintiff, Bobbie Ellis Edwards, mother of decedent, brought a wrongful death action, individually and as administrator of his estate, alleging negligence with regard to various acts and omissions of police and medical personnel who arrived at the scene. The jury returned a verdict for defendant city. Plaintiff appeals.

Before 1:00 a.m. on September 5, 1981, a large crowd was gathered in the street on which plaintiff lived. Lucious was stabbed at approximately 1:15 a.m. He stumbled into plaintiff's house and was laid on her couch. The police were notified at 1:17 that Lucious had been stabbed. Four police officers arrived at about 1:21. A team of fire medics arrived in an ambulance about a minute later.

Donna Mitchell, 14 years old, had been struck in the head several times with a baseball bat shortly after Lucious was stabbed. She was lying in the street when the police and fire medics arrived. Her injuries had not been reported to the police; the police and medics assumed she was the reported victim, put her in the ambulance, and took her to the hospital at 1:30.

A person in the crowd told the police that there was another injured person in the house. When they first saw Lucious, they thought he was dead, although plaintiff claims it was apparent that he was not. No life-saving techniques were utilized. The police called for a second ambulance, which arrived at about 1:29. The medics examined Lucious within three minutes and determined that he was dead. An autopsy later disclosed he had died of internal bleeding.

Plaintiff objected to certain jury instructions and offered substitutes. The objections were overruled by the trial court. The instructions given to the jury are the subject of this appeal.

**I. Burden of Proof Instruction.** Plaintiff claims that the trial court set forth an incorrect standard in instructing the jury as to the burden of proof necessary in a civil wrongful death action. Instruction number five stated, in part:

Plaintiff has the burden of proving that John Russell Lucious *would have survived* the stabbing had it not been for the negligence of the defendant. A mere showing that John Russell Lucious might have survived is insufficient.

(emphasis added). Plaintiff asked the court to state the burden of proof differently, instructing the jury that the plaintiff need only demonstrate a "probability of survival," "a good chance of survival," or "likelihood of survival." The court refused plaintiff's request.

Our scope of review is on assigned error. Iowa R.App.P. 4 (1983). Courts are required to tailor instructions to the evidence. *State v. Kern*, 307 N.W.2d 22, 27 (Iowa 1981). If instructions are erroneous, they must be prejudicial before reversal will be ordered. *See id.; State v. Gibb*, 303 N.W.2d 673, 686 (Iowa 1981).

The Iowa Supreme Court summarized the review for challenges made to jury instructions as follows:

It is necessary to read the court's instructions as a whole when determining whether there has been error. *State v. Jones*, 193 N.W.2d 509, 513 (Iowa 1972); *State v. Morelock*, 164 N.W.2d 819 (Iowa 1969). "The object of requesting an instruction is to see that the subject is covered ...." *Jones*, 193 N.W.2d at 514–15. "A trial court is not required to instruct in the language of requested instructions if the subject is covered in the court's own instructions." *Id.* at 514; *See State v. Everett*, 214 N.W.2d 214, 219 (Iowa 1974) (citing *Jones* with approval). "A party cannot complain if instructions fail to emphasize circumstances favorable to him. This is precisely what instructions should avoid." *State v. Robinette*, 216 N.W.2d 317, 318 (Iowa 1974); *see State v. Seehan*, 258 N.W.2d 374, 379 (Iowa 1977).

*State v. Horn*, 282 N.W.2d 717, 730 (Iowa 1979). However, it is the duty of the trial court "to fairly present the issues and the law of the case to the jury in order that they may have an intelligent conception of the questions for decision." *State v. Gil-*

*roy,* 313 N.W.2d 513, 520 (Iowa 1981) (*quoting State v. Baker,* 246 Iowa 215, 66 N.W.2d 303, 311 (1954)).

The supreme court has stated:

Negligence may be established by circumstantial evidence. Such evidence must be sufficient to make the theory of causation *reasonably probable,* not merely possible, and more probable than any other theory based on the evidence, but generally it is for the trier of fact to say whether circumstantial evidence meets this test.

*Larkin v. Bierman,* 213 N.W.2d 487, 488 (Iowa 1973). *See also Shinofield v. Curtis,* 245 Iowa 1352, 1357, 66 N.W.2d 465, 468 (1954) ("It is not necessary that the testimony be so clear as to exclude every other possible theory").

Plaintiff claims that the court, by requiring the jury to find that Lucious *would have survived,* incorrectly stated the burden of proof; the instruction only should have required her to show that it was *reasonably probable* that Lucious would have survived, as per *Larkin,* 213 N.W.2d at 488.

The city argues that plaintiff failed to generate a jury question regarding either the negligence of the city or any causal connection with the death of Lucious. Thus, the city submits, no prejudice to plaintiff resulted and no reversal is required. It directs us to the case of *Lyons v. Shearman,* 245 Iowa 378, 379, 62 N.W.2d 196, 196 (1954), which quotes *Mulroney Manufacturing Co. v. Weeks,* 185 Iowa 714, 717, 171 N.W. 36, 37 (1919), as follows:

We think it clear, therefore, that the plaintiff was entitled to a directed verdict, though it did not ask for one. Having obtained its verdict from the jury, it may defend the same on the same grounds upon which it might have demanded a directed verdict. The fact that it was entitled to a directed verdict renders errors as to other issues nonprejudicial.

The city claims that it would have been entitled to a directed verdict in this case, so any error in instructions was nonprejudicial to plaintiff.

■ Plaintiff had the burden to establish that defendant's negligence proximately caused the death of Lucious. We do not find adequate evidence of either the negligence of the police and fire medics or the proximate-causal relationship between any alleged negligence and Lucious' death.

■ Regarding negligence, "everyone is presumed to have discharged his duty, whether legal or moral, until the contrary is made to appear." *Baker v. Beal,* 225 N.W.2d 106, 110 (Iowa 1975). Plaintiff presented no objective expert evidence as to what police or fire medic duties were or as to how defendant failed in exercising that duty to such an extent as to give rise to an action for wrongful death.

"Proximate cause" has been described in the following language:

"Proximate cause" is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred .... "Proximate cause" is a primary moving cause or predominating cause from which the injury follows as a natural, direct and immediate consequence and without which it would not have occurred ....

*Chenoweth v. Flynn,* 251 Iowa 11, 16, 99 N.W.2d 310, 313 (1959).

The supreme court has found that expert testimony indicating probability or likelihood of a causal connection between a factual circumstance and a plaintiff's injury is necessary to generate a fact question. *Winter v. Honeggers' & Co.,* 215 N.W.2d 316, 323 (Iowa 1974). In lieu of such probability testimony:

when testimony of an expert witness that a described condition is merely "possible" or "might" exist as a consequence of a stated cause is coupled with other testimony, nonexpert in nature, that the described condition of which complaint is made did not exist before occurrence of those facts alleged to be the cause there-

of, a fact question as to causal relation is generated.

*Id. See also, e.g., Becker v. D & E Distributing Co.,* 247 N.W.2d 727, 730 (Iowa 1976); *Rose v. John Deere Ottumwa Works,* 247 Iowa 900, 910–11, 76 N.W.2d 756, 761–62 (1956).

In the instant case, plaintiff presented expert medical testimony regarding the cause of Lucious' death. But both of plaintiff's medical experts were unwilling to say even that there was a *possibility* that Lucious might have survived if the actions which plaintiff alleges the police and medics should have taken had been taken. Without such expert testimony, any determination of proximate cause under the circumstances of this case would be mere speculation by a jury. Therefore, even if error occurred in the jury instructions regarding plaintiff's burden of proof, it was not prejudicial and does not warrant reversal.

**II. Plaintiff's Theory of the Case.** Plaintiff also claims that the district court erred in failing to submit her requested instruction which included her theories of the case. The court's instructions required the jury to determine whether the agents of defendant acted in a reasonably prudent manner under the circumstances, which included a determination that Lucious was dead, and in failing to take Lucious to the hospital. Plaintiff's theories included claims that the police aggravated the wound, failed to perform emergency treatment on Lucious or to render first aid, and failed to allow the plaintiff to take Lucious to the hospital. Plaintiff is entitled "to have submitted to the jury the theory stated in [her] pleadings *if* supported by the evidence." *Koonts v. Farmer's Mutual Insurance Association,* 235 Iowa 87, 90, 16 N.W.2d 20, 22 (1944) (emphasis added). As discussed in division I, plaintiff did not establish by a preponderance of the evidence that Lucious might have survived even under the best of circumstances or under any of her theories. Thus, the theories are not supported by the evidence and she was not entitled to have them submitted to the jury.

AFFIRMED.