## Omer H. Drury
### v.
## Albert G. Barnes.

*Sales—Agency—Authority of Special Agent—Sale of Horse—Replevin —Instructions.*

1.   An authority to a special agent to sell for cash will not justify an exchange for other property.

2.   An innocent purchaser at an unauthorized sale takes no greater title than is possessed by the vendor.

3.   In an action of replevin to recover a horse wrongfully sold by the agent of its owner to an innocent purchaser, this court reverses the judgment for the defendant, for the failure of the trial court to give certain instructions asked by the plaintiff.

[Opinion filed September 21, 1888.]

Appeal from the Circuit Court of Christian County; the Hon. J. J. Phillips, Judge, presiding.

Messrs. Anthony Thornton and John G. Drennan, for appellant.

Messrs. H. M. Vandeveer and W. M. Provine, for appellee.
Where the owner of property holds out another or allows him to appear as the owner of property, and innocent parties are thus led into dealing with such apparent owner, they will be protected. The rights of persons so dealing in such a case do not depend upon the actual title or authority of the person with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from disputing as against them, the existence of the title or power he caused or allowed to appear to be vested in the person upon the faith of whose title or power they dealt. Anderson v. Armstead, 69 Ill. 452; Smith v. Board Sup. Peoria Co., 59 Ill. 412; Wells on Rep., Sec. 329; Marshall v. Ender, 20 Ill. App. 312; Bigelow on Estop. p. 467; Evans on Agency, Sec. 139; Story on Agency, Sec. 444.

We insist that the evidence shows that McKnight was authorized to sell the mare; that Drury ratified the sale after it was made and after learning all the facts; that Drury allowed McKnight to appear as her owner, and appellee having in good faith bought her of McKnight for full value, Drury is precluded from asserting his ownership as against appellee.

The amount of evidence has nothing to do with the question of giving an instruction, and where evidence tends to prove a certain state of facts a party has the right to instructions upon hypothesis of such facts and it is for the jury to find if they are true—and this though there may be no direct evidence of the fact. Kendall v. Brown, 74 Ill. 232; Eames v. Rend, 105 Ill. 506; Peoria Marine & Fire Ins. Co. v. Anapow, 45 Ill. 86; 1 Greenleaf, Sec. 48.

The rule is that all instructions are to be taken together as a series, and one, if too general or erroneous, is cured, if limited, by others. Toledo, W. & W. R. R. v. Ingraham, 77 Ill. 309; Kendall v. Brown, 86 Ill. 390; Prior v. White, 12 Ill. 261; Skiles v. Caruthers, 88 Ill. 458.


CONGER, J.  Upon the 23d of March, 1887, appellant delivered to one Frank McKnight a certain mare under the following agreement, viz:

" Article of agreement made this 23d day of March, 1887, by and between O. H. Drury, of New Boston, Mercer county, Ill., of the first part, and Frank McKnight, of Centralia, Marion county, Ill., of the second part.

" The said Drury delivers unto the said McKnight one gray mare, Lady Drury, (formerly Lady Davis), sound and in good condition so far as can be known, for the following purpose: To be handled and trotted during the season of 1887. Now, it is further agreed that said McKnight shall take the said mare to Marion county, Illinois, and there handle and train her, using every means possible to get speed out of her; at the same time he shall not abuse or injure her in any manner whatsoever; and it is further agreed that said Drury shall not be called upon to pay any of her expenses during the season. It is further agreed that at the end of the season the

said McKnight shall make a faithful and true account of all
moneys taken by said mare, and that after paying her expenses
he shall turn over to said Drury one-half of the net earnings.
No charge for training.

"FRANK McKNIGHT."

In the following December, appellee having seen the mare
at several places in the possession of McKnight, and supposing
her to be his property, purchased her, paying McKnight $650
in cash and a horse valued at $200. McKnight left the State
and never accounted to appellant for the proceeds of the sale
except $100, for which McKnight sent appellant a draft, but
which appellant states he never cashed, and offered back to
McKnight.

It is contended by appellee that appellant authorized
McKnight to sell the mare, and there is evidence tending to
show that he had written to McKnight during the summer
that he would rather McKnight would sell the mare for $700
than return her ; that he valued her at more, but in his pres-
ent condition he was willing to take $700.

After demand made, appellant brought a suit in replevin
for the mare, but the jury found against him. Appellant asked
the court to give the following instructions, which the court
refused to do :

"In this case the court instructs the jury, if the evidence
shows that on the 23d day of March, 1887, the plaintiff, Omer
H. Drury, was the owner of the mare in question and let the
same to Frank McKnight by virtue of the written contract
offered in evidence, and that said McKnight trained and trot-
ted the mare in pursuance of such agreement, and even if
you shall further believe that about the month of August or
September, 1887, the plaintiff wrote to said McKnight author-
izing said McKnight to sell the mare for $700, such authority
would not authorize said McKnight to trade said mare to the
defendant, Albert G. Barnes, for a horse and $650."

" The court instructs the jury that where authority is given
a special agent to sell an article of personal property, such
authority does not confer upon such special agent the power to
barter or trade the article; and if such special agent, in vio-

Drury v. Barnes.

lation of his authority, barters or trades the article, the person receiving the same or trading for such article would not acquire title to the same; but the owner may demand the property and on refusal of the person having the same to deliver it up, the owner may maintain replevin for the same."

These instructions are the law and have an important bearing upon the case, and it was error to refuse them. None of the instructions given to appellant contain the principle announced in these instructions.

The most that is claimed upon the part of appellee as to the authority given to McKnight to sell, after he came into possession of the mare, under the contract, is that he was authorized to sell her for $700. Such authority would very clearly not authorize him to sell her for less than that price, or receive in payment, in whole or in part, anything but money.

Counsel for appellee insist that the doctrine contained in these instructions are not applicable to the present case, for the reason that appellee, Barnes, was ignorant of the true ownership of the horse, but in good faith supposed it to belong to McKnight.

We are unable to see what difference this would make, for McKnight could not convey a better title than he himself had as owner, or was authorized as an agent to give. Benton v. Curger, 40 Ill. 329.

As he was clearly not the owner, and had no right to sell at all by the original agreement under which he took the mare, appellee must rely upon the authority given him as agent in the declarations made, and letters written after that time by appellant.

Upon the question of a special agent exceeding his authority see 2 Kent, marginal page 631 *et seq.;* Story on Agency, Secs. 78, 131 and 437.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*