## OMER H. DRURY
### v.
## ALBERT G. BARNES.

*Instructions.*

It is error for the trial court to instruct the jury upon a hypothesis not fairly presented by the evidence.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Christian County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. ANTHONY THORNTON and JOHN G. DRENNAN, for appellant.

Messrs. W. M. PROVINE and J. C. McBRIDE, for appellee.

WALL, J. This case was before us at a former term; see 29 Ill. App. 166. On the second trial, as on the first, the verdict and judgment were for defendant, and the record is again

Drury v. Barnes.

brought here by the appeal of the plaintiff. We deem it unnecessary to notice in detail the various assignments of error. In several of the instructions given at the instance of the defendant, and notably so in the 13th of the defendant's series, it was assumed that there was evidence upon which the jury might find that the plaintiff knew, or by using reasonable care might have known, that McKnight was holding himself out to the public as the owner of the mare. After a very careful examination of the evidence we are of opinion that it does not contain enough to sustain such a finding. Had this been the sole issue of fact before the jury, we should not hesitate to set aside the verdict, because unsupported by the proof. Yet this hypothesis is presented in five of the defendant's instructions so pointedly as to warrant the jury in supposing that the court regarded the evidence in that respect as substantial and important. We can not resist the conclusion that thereby the jury were probably misled, and that the rights of the plaintiff were unduly affected. It was error to give these instructions.

The hypothesis of a ratification was prominently put before the jury in several of the defendant's instructions, but we think there was so little in the evidence upon which to base it that all instructions on this point might very properly have been omitted. In its controlling features the case is subsequently as it was when formerly here. We then said that as McKnight was clearly not the owner, and had no right to sell at all by virtue of the original agreement under which he took the mare, the appellee must rely upon authority substantially given him as agent of the appellant. Whether the authority of McKnight was so enlarged, and whether his act was within his authority, are the only questions of fact as we view the record. To these the attention of the jury should be mainly directed. For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*