## George Christy v. James T. Ashlock.

1. SALES—*What is a Sufficient Change of Ownership.*—When the property sold is in the hands of a third person and such person is notified of a change of ownership and undertakes to keep the property for the new owner, it is a sufficient change of possession to vest the title in the new owner as against other creditors or purchasers.

2. REPLEVIN—*Who is Entitled to Maintain the Action.*—A person who owns, and is entitled to the possession of personal property, is entitled to maintain the action against whomsoever he finds in the possession of it, or who assumes control of it by a refusal to surrender it on demand. The action of replevin is *ex delicto,* and all persons participating in the tort are liable, jointly or severally.

Replevin.—Appeal from the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed February 28, 1901.

FRANK A. WHITESIDE, attorney for appellant.

NORMAN L. JONES, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court. Appellee sued appellant in replevin before a justice of

the peace, for a mare. Some time before, this property was owned by Scroggin, against whom appellant had a small claim. Appellee owned or controlled a judgment for $22.50 against Scroggin. The contention of appellee was that he purchased the mare of Scroggin's wife as his authorized agent to sell it, in consideration of the release of the judgment and the promise to pay the further sum of $20. Appellant claimed the mare under an attachment writ sued out against Scroggin. The case having been removed by appeal to the Circuit Court, a trial by jury ended in a verdict and judgment awarding the mare to appellee, and to reverse this appellant brings this appeal to this court, insisting the court admitted improper evidence, gave to the jury improper instructions, and the verdict is against the evidence.

It is first argued by appellant that appellee did not take legal possession and control of the mare under his alleged purchase, and for that reason the sale claimed by him was a fraud in law, affecting the rights of an attaching creditor such as he. At the time of the alleged purchase of the mare by appellee it was being cared for at the stable of Rowden. We think the jury were warranted by the evidence in finding that the appellee purchased the mare of Scroggin's wife, and that she had been previously authorized by her husband to sell the property. The consideration of the sale was as we have before stated.

Appellee went to Rowden's stable, after the sale to him, and claimed the property, but at Rowden's request left the mare there to be kept by him. Inasmuch as the property was in the hands of a third person, and such person was notified of the change of ownership, and undertook to keep the property for the new owner, this was a sufficient change of possession to vest the title in appellee against other creditors or purchasers. The release of the judgment against Scroggin and the promise to pay the further sum of $20 was also a good consideration for the sale, as from the evidence we believe the sale was for an adequate price and free from taint of fraud.

Appellant also argues that the wife of Scroggin was unauthorized to exchange the mare in satisfaction of a judgment. The wife testified that her husband told her to sell the mare; that she did sell the mare to Ashlock for $20, and that he claimed a lien upon it. Whether a sale is to be confined to the strict definition contended for by counsel for appellant in his brief and argument, " where something is given or delivered for money," or whether the same shall include every transfer of property for a valuable consideration (2 Kent 468), is in this case unimportant; for in either case the conditions are fulfilled by the evidence. In Drury v. Barnes, 29 Ill. App. 166, cited by appellant on this point, the question was raised between the principal and one who had purchased from the agent, whose authority was to sell for cash only, and it was there held the agent violated his authority by a barter or trade of the article he was to sell for cash. The other cases also cited by appellant merely apply this principle—that an agent can bind the principal only within the scope of his authority, and have no application to the case we are considering, for here the authority was to sell generally, without limitation as to time or nature of the consideration, and in every case, so far as we can discover, the question was raised by the principal h·mself, in whom alone the power of ratification was vested.

Upon the trial appellant claimed under his attachment writ, and as tending to dispute that he relied upon such claim at the time he seized the property, appellee introduced evidence that he took the property under a chattel mortgage and posted notices for the sale thereof. We think this was proper, and the instructions also, upon that point. Appellant insists in this court that he was merely the custodian, or agent of the constable while having the mare in possession, and for such reason the constable, and not he, should have been sued. If appellant was custodian for the constable who had the writ of attachment for execution, as he claimed he was, and refused to surrender the possession of the property on demand of appellee, as he did, and appellee was entitled to the property, as the verdict found, then

it was proper to sue appellant for the possession. A person who owns and is entitled to the possession of personal property is, we think, according to the most elementary law, authorized to sue whomsoever he finds in the actual possession of it, or who assumes control thereof, as by refusal to surrender on demand. The action is *ex delicto*, and all persons participating in the commission of a tort are liable either jointly or severally. The property was found in the actual possession of appellant; demand was made upon him for the possession thereof and he refused to surrender it to the owner. There was no prejudicial error in the rulings of the court upon the admission of evidence, nor the instructions to the jury, and the verdict of the jury was warranted by the evidence.

The further point is made by counsel for appellant that the wife of Scroggin was an incompetent witness to testify to the conversation between herself and husband by which he authorized her to sell the mare. The force of this point is not seen. The statute (Sec. 6, Evidence, etc.), is that no husband or wife shall be rendered competent to testify for or against each other as to any transaction or conversation occurring during the existence of the marriage, whether called as a witness during the existence of the marriage or after its dissolution, except in certain specified cases. In the case presented, neither husband nor wife is a party, and in such cases it has been often held the wife may testify to conversations occurring during marriage. Deniston v. Hoagland, 67 Ill. 265; Gravel Road Co. v. Dadaus, 102 Ill. 417; Galbraith v. McLain, 84 Ill. 379. A careful analysis of the cases of Maxey v. Heckthorn, 44 Ill. 437, Rawson v. Curtiss, 19 Ill. 456, and other cases relied upon by appellant under this head, will develop that they declare that agency can not be proved by the mere declaration of the person whom it is sought to establish as the agent in the particular case, and this we assume is familiar law.

Finding no reversible error in the record of the Circuit Court, its judgment will be affirmed.