## JACOB ENGEL ET AL. v. CHARLES DADO.

FILED NOVEMBER 19, 1902. No. 12,227.

Commissioner's opinion, Department No. 1.

1. **Replevin: PARTIES.** One having custody of the property in dispute is a proper defendant in replevin.

2. **Defect of Parties.** Defect of parties will be waived if not raised by demurrer or answer.

3. **Review: WAIVER.** Instructions not excepted to and objections not assigned in motion for new trial or petition in error will not be reviewed in this court.

ERROR from the district court for Saline county. Replevin action before justice court. Verdict and judgment for the plaintiff. Appeal to district court. Tried below before LETTON, J. Verdict and judgment for plaintiff. Defendants prosecute error to this court. *Affirmed.*

*John D. Pope,* for plaintiffs in error.

*R. Morton Proudfit, contra.*

LOBINGIER, C.

This is an action of replevin, originally instituted by the defendant in error against plaintiff in error Jacob Engel before a justice of the peace in Saline county to recover the possession of certain live stock which had been attached in an action by said Engel against one Jacob Ross, from whom the plaintiff in the present action claimed as a purchaser prior to the attachment. The case was tried to a justice of the peace and a jury, and resulted in a verdict for the plaintiff. The defendant appealed to the district court, and there plaintiff filed a petition making John Engel also a defendant. No attack was made on this petition. The defendants jointly answered to the merits, and there was another jury trial which again resulted in a verdict for the plaintiff. No exceptions were taken by either party to the instructions of the court, and the defendants now bring the case here by error proceedings.

It is contended by plaintiffs in error that the verdict is contrary to law because the constable who took the property under the writ of replevin was not made a party defendant in this action. The constable testifies that after making the levy he left the property with defendant John Engel. The latter was, therefore, a proper defendant, even though he was, as claimed, a mere custodian for the

32

constable. One of the essential clauses of the affidavit required by sections 182 and 1034 of the Code of Civil Procedure is "that the property is wrongfully detained by the defendant." Here the property was "detained" by John Engel, though he may have been acting under the constable's orders. One who retains possession "in concurrence with the officer" (*Esty v. Love*, 32 Vt., 744), or upon whose premises the property is left by his own direction (*McMillan v. Larned*, 41 Mich., 521), is a proper defendant in replevin. The action lies "against one having the custody or control of the property." *Heidiman-Benoist Saddlery Co. v. Schott*, 59 Nebr., 20. The case at bar is to be distinguished from those cited by plaintiffs in error, which hold that the action will not lie against an execution or attachment creditor merely as such. Here John Engel was a proper defendant, not because he was a creditor, but because the property was in his custody.

There is some testimony in the record from which the jury might have found that the property was in the possession not only of John but of Jacob Engel, as well. The two were father and son, and plaintiff testified that he made demand on Jacob for the property and that he refused to turn it over. Plaintiff also testified in response to the query as to how long Jacob had possession: "I think about four or five days." On the other hand, the constable did not testify that Jacob was not in possession, but merely that the property was not delivered to Jacob, and that his possession was not known to the constable. Moreover, the fact that John was not made a defendant until the case reached the district court could not now avail plaintiffs in error, since no objection was made on that ground, and both answered to the merits. Even had the addition of a new party constituted a change in the issues, the departure would have been waived by taking the course which defendants did. *Robertson v. Buffalo County Nat. Bank*, 40 Nebr., 235; *Levi v. Fred*, 38 Nebr., 564. It may be conceded that the officer would have been a proper defendant, though in

*Christy v. Ashlock,* 93 Ill. App., 651,—a case much like this,—it was declared to be sufficient to sue solely the officer's custodian. But even if the constable here had been originally a necessary defendant, plaintiffs in error could not now be heard to complain of his omission from the list of parties. The Code (section 94) provides defect of parties as a ground of demurrer, and as the objection was not raised either by demurrer or answer, it was waived. Code of Civil Procedure, sec. 96.

Another contention of plaintiffs in error is that the trial court erred in giving the second instruction, in which the question of the exempt character of the property was submitted to the jury; but as no exception was taken to this or any other portion of the charge, it can not here be reviewed. *Elkhorn Valley Bank v. Marley,* 61 Nebr., 583.

Similarly, the contention that the court, on its own motion, should have instructed the jury as to the weight to be given certain of the testimony as to the relationship of the parties as affecting the *bona fides* of the sale to defendant in error can not be considered, since the point is not assigned either in the motion for a new trial or in the petition in error.

Finally, it is urged that the verdict is contrary to the evidence. The questions concerning which this claim is made were peculiarly within the province of the jury, and it is sufficient to say that the record contains evidence to support the verdict. It is not for us to inquire whether our findings would be different were the case before us *de novo.*

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.