## THE FIRST NATIONAL BANK OF POND CREEK V. VERNON

## COCHRAN.

(Filed September 7, 1906.)

1. **PRACTICE—Motion to Strike from Files.** Objection to a petition on the gound that it does not state facts sufficient to constitute a cause of action can be made only by demurrer, or by the objection to the introduction of evidence at the trial. It cannot be raised by motion to strike the petition from the files.

2. **REPLEVIN—Pleadings and Issues.** In an action in replevin, where both an affidavit and a petition or bill of particulars are filed, the office of the affidavit ceases when the property is delivered and jurisdiction conferred, and the action thereafter proceeds upon the petition. The affidavit is not a part of the pleadings in the district court, necessarily, and the facts set forth therein form no part of the issues triable there, unless such facts are again set forth in the petition or other pleadings.

3. **SAME—Affidavit and Petition—Variance.** In general there must be a substantial, though not a technical correspondence between the petition and the affidavit in replevin. Where, however, the property has been delivered under the affidavit, and jurisdiction conferred, the trial thereafter proceeds in the district court upon the issues raised by the petition, and not those of the affidavit: and the question of a variance between the allegations of the affidavit as to the character of the ownership of plaintiff. and those of the petition, becomes immaterial.

4. **PRACTICE—Objections to Introduction of Evidence.** An objection to the introduction of any evidence under a petition is good only when there is a total failure to allege in the petition some matter essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite or statements or conclusions of law.

5. **SAME—When the only objection made to a petition is by objection at the trial to the introduction of any evidence thereunder,

its allegations will be liberally construed for the purpose of sustaining them; and when there is not a total failure of averment as to some essential matter, but the allegations are simply incomplete, indefinite, or statements of conclusions of law: Held: An objection to the introduction of any evidence is properly overruled.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*C. S. Ingersoll* and *Sam P. Ridings,* for plaintiff in error.

*C. M. Keiger,* for defendant in error.

Opinion of the court by

Pancoast, J.: This was an action, in replevin, for the recovery of certain personal property, originally brought by the defendant in error against the plaintiff in error before a justice of the peace of Grant county. Cochran filed his petition on the 28th of January, 1904, alleging therein special ownership in the property by virtue of a certain chattel mortgage, and at the same time filed his affidavit in replevin, which contained the averment that he was the owner of the property mentioned. Judgment was rendered against the bank by default, and the cause appealed to the district court. There the bank filed a motion to strike the petition from the files, for two principal reasons: First, because of a variance, as it claimed, between the petition and the affidavit in respect to the character of the ownership alleged: And second, because the petition failed to state facts sufficient to constitute a cause of action. This motion was overruled and exception saved. No demurrer was filed, but at

the trial the bank objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, which objection was overruled, and exception noted. At the conclusion of the introduction of, plaintiff's evidence, the bank demurred thereto, and upon the demurrer being overruled, saved its exception, and permitted the case to go to the jury on the plaintiff's evidence. The verdict was for Cochran. From an order overruling a motion for new trial, the bank has appealed, assigning as error the action of the trial court in overruling the various objections above enumerated.

We may state at the outset that we think the evidence in the case amply sufficient to sustain the essential features of the plaintiff's case. There is evidence bearing upon the proposition of the right of the plaintiff to possession, the character of his ownership, the taking, detention and value of the property, demand therefor, together with evidence of damages sustained by reason of the detention, and this, we think, is all that is necessary to be proved in such a case. There was no error committed by overruling the demurrer to the evidence.

The main questions involved in this appeal arise upon the overruling of the motion to strike, and the objection to the introduction of evidence. The motion to strike the petition from the files, however, is not well taken. In the first place, objection to a petition on the ground that it does not state sufficient facts can be made only by demurrer, or on the trial. It cannot be raised by motion. 6 Enc. P. & P.

346; *Finch v. Finch,* 10 Ohio St. 505; *Bradley v. Parkhurst,* 20 Kans. 462; *Richmond v. Brookings,* 48 Fed. 241.

As to the question of variance between the affidavit and the petition, in general it may be said that there must be a substantial, though not a technical correspondence between the petition and the affidavit in replevin. The office, however, of the affidavit in replevin, if a petition is filed, ceases when the property has been delivered thereunder and jurisdiction conferred. The action thereafter proceeds upon the petition. The affidavit is not necessarily a part of the pleadings in the district court, and its allegations do not and cannot control in offering evidence upon matters essential to be proved, but the court will look only to the contents of the petition, and not to those of the affidavit, in that particular. The facts set forth in the affidavit form no part of the issues in the case, unless such facts are again set forth in the pleadings. *Hoisington v. Armstrong,* 22 Kans. 119; *Kerrigan v. Ray,* 10 How. Pr. (N. Y.) 213; *Nollkamper v. Wyatt* 27 Neb. 565; *Mills v. Mills,* 39 Kans. 455.

The office of the affidavit having been completed, and the issues raised being upon the facts alleged in the petition, the question of a variance between its allegations and those of the affidavit becomes immaterial.

As before stated, objection was made to the introduction of any evidence, for the reason the petition failed to state a cause of action, and the argument is made that the defects of the petition are that no copy of any mortgage or other instrument is set out, and that, in effect, sufficient facts are not pleaded to enable the court to determine whether there was or was not a chattel mortgage, and if any, whether it

created such a lien on the property in favor of the plaintiff as could give the plaintiff a right to possession. The petition is not challenged in other respects, and following the rule laid down by this court in case No. 1741, *Haffner v. Dobrinski,* the allegations which are questioned here will be liberally construed by this court for the purpose of sustaining them. *Robbins v. Barton,* 50 Kans. 120, 31 Pac. 686.

The method of attack by objection to the introduction of any evidence is not favored by the courts, and while it is the proper procedure when there is a total failure to allege in a petition some matter essential to the relief sought, yet it is not good when the allegations are simply incomplete, indefinite or statements of conclusions of law. *Johnson v. Anderson,* 60 Kans. 582, 57 Pac. 513; *Laithe v. McDonald,* 7 Kans. 254 and 262; *Moody v. Arthur,* 16 Kans. 426.

In the case at bar, the allegations of the petition characterizing the special ownership of the plaintiff below are:

"That plaintiff is the owner and holder of one certain chattel mortgage lien against the following personal property," describing it, "and is entitled to the immediate possession of the same, by reason of the fact that the conditions of said. mortgage have been broken, and that the note for which said chattel mortgage was given as security is long past due and the said payor * * * has neglected and refused and does now neglect and refuse to pay the same," followed by statements of the amount due, and an allegation of a demand for the return of the property.

While the language used is not, perhaps, the most definite, succinct and complete by which to set up the plaintiff's claim to the property or his interest therein, yet it is,

so far as it goes, a plea of special ownership, or at least, the plaintiff's conclusions in that respect, and is not a total failure of averment of any ownership at all, either special or general.  Liberally construed, in the absence of a motion to make more  definite and certain, or to require the plaintiff below to attach his mortgage, by copy, to the petition, the allegations quoted seem to us entirely sufficient to apprise the bank of the nature of the ownership which plaintiff below claimed in the property, and of his rights thereunder.  It follows, therefore, that the trial court committed no error in overruling the objection to the introduction of evidence.

From a careful reading of the record, we believe that no material error was committed by the court below.  That being true, the judgment of the trial court should be affirmed.  It is so ordered.

All the Justices concurring.