First National Bank in Ord, a corporation, appellant,
v. Delores Morgan, appellee.
112 N. W. 2d 26
Filed December 1, 1961. No. 35042.

*John R. Sullivan,* for appellant.

*D. A. Russell,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Brower, J.

This is a replevin action brought by the First National Bank in Ord, Nebraska, a corporation, appellant and plaintiff, against Delores Morgan, appellee and defendant.

Plaintiff's amended petition alleges that plaintiff had

a "special property, claim, interest or ownership" in a certain automobile. The special interest arose by virtue of a note secured by a chattel mortgage covering the same, both executed on May 19, 1959, by Curtis Morgan only, the defendant's husband. The note was in the amount of $3,939.28 payable in two installments, each for $1,969.64, which became due on March 1, 1960, and March 1, 1961. It contained the usual clause providing that the whole became due on failure to pay any installment. The petition alleges a default thereunder and that the plaintiff was entitled to the immediate possession of the automobile. The amended petition showed the car was purchased November 21, 1958, by Curtis Morgan and Delores Morgan, and a certificate of title was then issued in both their names jointly with full rights of survivorship. Endorsed on the certificate is the notation of the county clerk dated August 5, 1960, that the same was subject to this mortgage "Signed only by Curtis Morgan." This petition alleges that when the note and mortgage were executed on May 19, 1959, Curtis Morgan borrowed $3,500 secured by said mortgage, which amount was then deposited by Curtis Morgan in an account in the plaintiff bank, on which the defendant had the right to draw checks; and that the funds so deposited were for the use and benefit of defendant as well as Curtis Morgan, whom it is alleged then represented that they were to be used to remodel a farm house occupied by him and the defendant. On February 2, 1960, by way of prepaying the installment due on March 1, 1960, it is alleged the defendant delivered to the plaintiff bank her check drawn on it for $1,969.64, which was not paid because of insufficient funds; that though defendant did not execute the note and mortgage, by giving the check she acknowledged the debt and ratified the actions of her husband in mortgaging the automobile, and by her actions and dealings with the plaintiff agreed to be bound by the terms thereof; that her interest in the automobile was so bound; that defendant was estopped

to deny the plaintiff's right to replevin the car; and that plaintiff had an equitable lien on the defendant's interest therein.

Defendant filed an answer containing a general denial and an assertion of an ownership of an undivided half interest and right of possession in the automobile at the commencement of the action and sought damages for wrongful detention, to which plaintiff replied with a general denial.

Trial was had on December 12, 1960, and after empaneling a jury the plaintiff offered evidence, at which time the defendant demurred ore tenus on the ground that plaintiff's amended petition did not state a cause of action. The court sustained the demurrer and thereafter the matter proceeded to trial only on the question of the amount of damages due the defendant for the wrongful taking. Judgment was then entered for the return of the automobile and the damages assessed by the jury. A motion for new trial was overruled and plaintiff appealed to this court.

The sustaining of the demurrer ore tenus is the only error assigned. No bill of exceptions is filed with respect to the evidence regarding the damages assessed so that matter is not before us in view of our decision.

The questions involved here are whether a mortgagee of one cotenant can maintain an action in replevin against the owner of the other undivided half of a single article by its nature not subject to division between the co-owners, and whether the petition states facts which show the interest of the defendant in the automobile was bound under the chattel mortgage either by ratification or estoppel or because defendant's actions created an equitable mortgage on her interest therein.

It is an elemental rule that replevin lies only in behalf of one entitled to the possession of the property as against the defendant, at the time of the commencement of the action or issuance of the writ, and such right of possession must be immediate, exclusive, and

unqualified. See 77 C. J. S., Replevin, § 42, p. 29. It is also held that: "Generally, where a personal chattel is owned by several persons, one part owner cannot maintain replevin for it, for the reason that all joint owners, unless there is an agreement to the contrary, * * * are equally entitled to the possession of the property, and neither has the right to the immediate and exclusive possession of the property as against the other." 77 C. J. S., Replevin, § 49, p. 34. Accordingly the creditor of one cotenant secured by chattel mortgage on that cotenant's interest cannot maintain replevin against the other cotenant in possession of the common property of an indivisible character. See, 14 Am. Jur., Cotenancy, § 77, p. 144; McDonald v. Bailey, 25 Okl. 849, 107 P. 523, 37 L. R. A. N. S. 267; Trustees of Ashland Lodge No. 63, I.O.O.F. v. Williams, 100 Wis. 223, 75 N. W. 954, 69 Am. S. R. 912; Read v. Middleton, 62 Iowa 317, 17 N. W. 532; Sheldon v. Brown, 72 Minn. 496, 75 N. W. 709.

The general rules concerning replevin brought by one cotenant against another were discussed in Fines v. Bolin, 36 Neb. 621, 54 N. W. 990, where this court held that one cotenant could replevin from the other a quantity of corn because in the mass it was alike in quality and value, and was readily divisible by measure. In the discussion, however, the court stated that it was well settled that the owner of an undivided interest in a single piece of property not susceptible of division could not maintain an action against a cotenant to acquire its possession because neither has the right to the immediate and exclusive possession of the same as against the other.

Plaintiff, however, contends even if this rule is generally applicable that in this instance defendant has ratified the mortgage and is estopped to deny its validity and that plaintiff has an equitable lien on the mortgaged property.

A general demurrer admits all allegations of fact in the pleading to which it is addressed, but does not admit

the pleader's conclusions of law or fact. See, In re Estate of Halstead, 154 Neb. 31, 46 N. W. 2d 779; Richter v. City of Lincoln, 136 Neb. 289, 285 N. W. 593.

With this rule in mind we must examine the plaintiff's petition to determine what the defendant said or did that would constitute a ratification or estoppel. The automobile was purchased November 21, 1958, but the note and mortgage were not given until May 19, 1959, almost 6 months later. It is obvious that the loan had nothing to do with the purchase. It is alleged that Curtis Morgan represented that the proceeds were to be used for the remodeling of a farm house occupied by him and the defendant. The purpose for which it was actually used is not alleged. The petition is silent as to what was said or done by the defendant at that time and it cannot be inferred that she agreed to the mortgage on her property, or that she then knew anything about it. It is alleged that at the time of the execution of the mortgage $3,500 was placed in an account on which the defendant could draw, but it is not affirmatively shown that she ever drew on it. It is further alleged that defendant some 9 months later gave a check for the payment of the first installment of $1,969.64, shortly to become due. No consideration is shown for giving this check, nor are there any facts pleaded to throw light on what, if anything, the defendant said or did at that time. The plaintiff bank on which it was drawn knew at once that there were insufficient funds with which to pay it and could not have changed its position because of relying on its having been given. Though the defendant must have then known of an obligation of her husband which required this payment, it is not shown that at that time she knew of the mortgage, or that it purported to cover the entire ownership of the automobile.

On the giving of the mortgage by Curtis Morgan the unity of interest became extinguished and the cotenants became tenants in common. Whiteside v. Whiteside, 159 Neb. 362, 67 N. W. 2d 141.

"Ratification of a contract between fewer than all tenants in common and a third person, in order to be binding on the other cotenants, requires that they have full knowledge of such contract and of the facts and circumstances connected with its execution." 86 C. J. S., Tenancy in Common, § 109, p. 517. See, also, Mathias v. Mathias, 167 Iowa 81, 149 N. W. 87. From the facts stated, it does not affirmatively appear that defendant knew the nature of the transaction between her husband and the plaintiff bank or that she assented either expressly or by implication that her interest in the automobile be bound, and hence no ratification is shown.

"Where a tenant in common does nothing to mislead a third person, or where the conduct of the tenant is not such as to warrant a third person's reliance thereon, the tenant is not estopped to assert that he is not bound by the unauthorized acts of his cotenant." 86 C. J. S., Tenancy in Common, § 129, p. 540. See, also, Cooper v. Brown, 143 Iowa 482, 122 N. W. 144, 136 Am. S. R. 768.

The acts of the defendant as alleged in the petition cannot be said to have misled the plaintiff or estopped the defendant from asserting her rights in the common property.

Plaintiff cites the case of Schroeder v. Ely, 161 Neb. 252, 73 N. W. 2d 165, as authority for its contention that the actions of the defendant created an equitable lien on her interest in the automobile. The cited case was one where an elderly lady was imposed on by persons who stood in a confidential relation to her. She was prevailed upon to advance large sums of money for the express purpose of financing the purchase of real estate and the erection and furnishing of a motel thereon in which she was to have a home. The circumstances there showed fraud and overreaching justifying a court of equity in impressing an equitable lien on the property purchased with her funds. The case has no application to the one at bar nor are we able to find anything in the defendant's actions justifying a finding that such

a lien existed even if this were an equitable action to impress one.

Plaintiff mortgagee did not have the exclusive right of possession necessary to maintain replevin against the defendant, a cotenant of the mortgagor. Neither are facts shown in the petition which establish that her interest in the mortgaged property was bound either by defendant's ratifying her husband's action or by estoppel, nor was her interest therein subject to a lien of an equitable nature whether or not such a lien could be asserted in a replevin action.

The judgment of the trial court in sustaining the demurrer ore tenus was correct and is affirmed.

AFFIRMED.