DONALD CROMWELL, APPELLEE, v. MARCINA WARD ET AL., APPELLANTS.

219 N. W. 2d 446

Filed June 27, 1974. No. 39331.

S. Caporale of Shrout, Caporale, Krieger, Christian & Nestle, for appellants.

Daniel G. Dolan and Richard L. Swenson of Lathrop, Albracht & Dolan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This case involves an action in replevin brought by the plaintiff, Donald Cromwell, against the defendants, Marcina Ward and James Kostka, to recover certain

restaurant equipment and inventory located in the Hillside Cafe and Inn, located on U. S. Highway No. 73-75, Sarpy County, Nebraska. A trial by jury having been waived, the court proceeded to hear evidence on the matter after which it found in favor of the plaintiff, and entered a judgment granting possession of the personal property to the plaintiff, or in the alternative, ordering the payment of the value of that property in the amount of $7,250. Thereafter, the trial court sustained the motion of the defendants for a new trial on the issue of the value of the goods replevied. After hearing additional evidence, the trial court entered judgment for the plaintiff in the amount of $2,627.26. Defendants appeal to this court. We affirm.

It appears that plaintiff Cromwell became the owner of the Hillside Cafe and Inn in June of 1965, having purchased it from the previous owners, Charley and Bertha Ducker. The sale of the cafe did not include the building or the land upon which it was located, which was owned by one Lawrence Iske. Cromwell owned and operated the business until August 1969, when he listed it for sale with Warga Realty of Plattsmouth, Nebraska, which eventually negotiated a sale of the business, inventory, and equipment to James and Grace Keisner. The sale agreement entered into between the parties was dated August 28, 1969, and had attached to it as an exhibit, a list of the personal property, fixtures, and inventory accompanying and a part of the transaction. The agreement specifically provided: "It is hereby further agreed that the buyers are purchasing the good will of said business together with a minimum inventory to be on hand on October 1, 1969 and that the buyers shall further acquire title to the personal property and equipment shown on the attached pages, consisting of 13 pages, marked 'Exhibit A' and by this reference made a part thereof, and that upon the payment in full of the purchase price said

property shall become the property of the buyers." In this agreement the sellers were listed as Donald F. Cromwell and JoAnn M. Cromwell, husband and wife, and the purchasers were referred to as James P. Keisner and Grace L. Keisner, husband and wife. All four of the above-named parties signed the agreement. The sale agreement referred to was not, however, recorded in Sarpy County, Nebraska, where the cafe was located.

The Keisners operated the cafe for a period of approximately 16 months, at which time the Cromwells received a letter dated March 31, 1971, from Mr. Keisner stating as follows: "You and each of you will take notice that the undersigned, James P. Keisner and his wife, Grace L. Keisner, will cease operating the Hillside Cafe and Inn effective this date, which said business is located on Highway 73-75, Sarpy County, Nebraska, and was purchased from you on August 28, 1969. You are further notified that no further payments will be made in connection with a certain sales agreement, dated August 28, 1969." The cafe was again put up for sale with Warga Realty, which was eventually contacted by defendants Kostka and Ward, who were interested in purchasing the cafe. They were informed at that time that the property was not free and clear and that a portion of the purchase price had to be repaid to Cromwell. They then went to talk to Lawrence Iske, the owner of the land and building, who informed them he had bought the place from Keisner, and they would have to deal with him if they wanted to take it over. Defendants, without purchasing the cafe, took over the operation of the cafe from Iske who was in possession of the restaurant and equipment, and entered into an agreement with him to rent the premises from him for a fixed monthly rental, the understanding being that any profit made would belong to the defendants. The cafe was operated in this fashion until January 1972. The plaintiff, however, filed this action in replevin on

May 4, 1971, to regain possession of the personal property involved in this case. The defendants were still operating the cafe and were in either possession or custody of the property when the sheriff made his inventory and return in the replevin action.

There seems to be no question but that plaintiff still retained title to the personal property involved herein under the sale agreement dated August 28, 1969, and was entitled thereunder to possession of the property covered thereby upon the repudiation of the agreement by the Keisners by virtue of their letter of March 31, 1971. Defendants contend, however, that plaintiff cannot prevail in this replevin action for the reason that the action is brought in the name of Donald Cromwell, plaintiff; whereas it is clear from the record in the case, particularly from the sale agreement, exhibit 1, that the property was in fact in joint ownership, the sellers being referred to therein as Donald F. Cromwell and JoAnn M. Cromwell, husband and wife. In support of their contention they rely on the general rule that where a personal chattel is owned by several persons, one part owner cannot maintain replevin for it, for the reason that all joint owners, unless there is an agreement to the contrary, are equally entitled to the possession of the property, and neither has the right to the immediate and exclusive possession of the property as against the other. First Nat. Bank v. Morgan, 172 Neb. 849, 112 N. W. 2d 26 (1961); 77 C. J. S., Replevin, § 49, p. 34; 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 87, p. 188, § 113, p. 212.

We have no quarrel with the general rule that cotenants must join in any action brought for the recovery of personal property coowned by them and of an indivisible character. However, we point out that the apparent defect in parties plaintiff in this action existed from the day the petition was filed, and could and should have been raised by the proper pleadings before

the case came to trial. We further point out that section 25-806, R. R. S. 1943, provides as follows: "The defendant may demur to the petition only when it appears on its face . . . (4) that there is a defect of parties, plaintiff or defendant; . . . ." Section 25-807, R. R. S. 1943, provides: "The demurrer shall specify distinctly the grounds of objection to the petition. Unless it do so, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action." Section 25-808, R. R. S. 1943, reads as follows: "When any of the defects enumerated in section 25-806 do not appear upon the face of the petition, the objection may be taken by answer, and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." Our law is well settled that a defect of parties will be waived if not raised by demurrer or answer. Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533 (1944); Engel v. Dado, 66 Neb. 400, 92 N. W. 629 (1902). In the instant case the defendants filed no demurrer and the answer filed on behalf of each defendant was a general denial.

In no way was the issue of misjoinder of parties plaintiff raised, and therefore, under the rules stated above, defendants must be deemed to have waived any such defect. It is true that during the trial defendants did demur ore tenus, but it is far from clear from a reading of the record as to what the particular demurrer referred so far as a claim of misjoinder of parties is concerned, nothing specifically being said in that regard. We quote the verbatim language of counsel as it appears in the demurrer ore tenus during trial: "Second reason: They've got a misjoinder of parties, and I suppose this would be in the form of a motion rather than towards the demurrer ore tenus, and that's under the cases of

Margaret Fuente — (spelling) F-u-e-n-t-e versus Robert L. Shevin (spelling) S-h-e-v-i-n and Paul Barnum (spelled phonetically) versus Americo V. Cortez (spelled phonetically), which is 32 Lawyer's Edition 2nd, provides that the taking of any property prior to a judicial hearing is in deprivation of the due process and is null and void." It is obvious that the portion set out above contains not one word with reference to a lack of one of the parties plaintiff or voices any objection in connection therewith. Assuming, however, that the point had been raised, even then it would avail the defendants naught in this case for the reason that under the authorities previously referred to such an alleged defect must be raised by demurrer or answer before trial or be deemed to have been waived.

Defendants also assign as error the fact that the plaintiff in his petition alleges special ownership in himself, without stating the underlying facts in reference thereto. It is true that in paragraph II of his petition plaintiff alleges as follows: "That the plaintiff has a special ownership in the following described property, to-wit: See attached Exhibit 'A', incorporated by reference as if fully set forth at this point." The exhibit "A" referred to is the itemized list of the cafe property and inventory sought to be replevied. However, the plaintiff further alleges in his petition in paragraph III: "That the plaintiff is the owner of said property and entitled to the immediate possession thereof, as plaintiff originally sold to James P. Keisner & Grace L. Keisner under agreement dated August 28, 1969. . . ." This is the agreement, previously referred to, by which the plaintiff sold the cafe and property to the Keisners. The agreement itself, being attached as an exhibit to the petition, shows on its face what interest plaintiff is claiming in the property sought to be replevied and his right to do so. Furthermore, in plaintiff's affidavit which accompanied his petition for replevin, he again alleges that he is the "owner of said property and is entitled

to immediate possession thereof, and that said property is wrongfully detained by the defendant. . . ."

The most that can be said in this case is that there may possibly be a variance between the allegation of special ownership in one paragraph of the petition and the allegation of "ownership" as contained in the subsequent paragraph of the petition and in the affidavit for replevin. Is such variance fatal? We think not. A similar situation was presented to the court in First Nat. Bank v. Cochran, 17 Okla. 538, 87 P. 855 (1906), where the court stated: "As to the question of variance between the affidavit and the petition, in general it may be said that there must be a substantial, though not a technical, correspondence between the petition and the affidavit in replevin. The office, however, of the affidavit in replevin, if a petition is filed, ceases when the property has been delivered thereunder and jurisdiction conferred. The action thereafter proceeds upon the petition. The affidavit is not necessarily a part of the pleadings in the district court, and its allegations do not and cannot control in offering evidence upon matters essential to be proved; that the court will look only to the contents of the petition, and not to those of the affidavit, in that particular." We hold that any variance in this case, if such there were, was not prejudicial and was immaterial.

Defendants also claim that replevin will not lie unless the defendants were in actual or constructive possession of the property sought to be replevied. It is not clear from the record in this case whether defendants were in possession or in mere custody of the property in question; but under the law it is immaterial which relationship existed. The law is settled in this state that one having custody of the property in dispute is a proper defendant in replevin. Engel v. Dado, *supra*.

Finally, defendants assign as error the failure of the plaintiff to file of record with the county clerk of Sarpy County, Nebraska, the conditional sale contract between

plaintiff and his wife and the Keisners, in which the title to the property involved herein was reserved until full payment of the purchase price. In their brief on this point the defendants quote the language of what was formerly section 36-207, R. R. S. 1943, which required such filing in order to validate a reservation of title as against purchasers and others without notice. The section referred to was, however, not in effect at the time of the execution of the agreement in question, that section having been repealed in 1963. Even if said provision had still been in force and effect it would not have changed the result for the reason that it is clear from the record that defendants had actual knowledge of the interest of the plaintiff in the property in question. At their first contact with Warga Realty, the defendants were told that the Keisners did not have title to the property free and clear and that a portion of their purchase money had to be repaid to the plaintiff and his wife. They were put on notice at that time that someone other than Iske had an interest in the property. Furthermore, when they thereafter contacted Iske to negotiate the terms of the lease they were told by him that he had a mortgage on the property. They cannot now be heard to say that they were "without knowledge" of a security interest in the plaintiff. Defendants could not prevail under the provisions of the present Uniform Commercial Code even assuming they were "buyers" of the property. See § 9-301, U. C. C. In fact the record is clear that they did not purchase the property, either from the plaintiff or Iske, or anyone else; nor did they claim to do so. The property was on the premises when they leased from Iske and therefore their interest was limited to either possession or custody. This assignment of error by defendants is without merit.

No error appearing, the judgment of the trial court is affirmed.

AFFIRMED.

CLINTON, J., concurring.

The rule that all cotenants must join in an action to recover possession of personal property should not be held to be applicable to those cases where possession is sought from a stranger to the property, but only to those cases where the party from whom possession is sought is another cotenant or one claiming under another cotenant. The rule is properly applied in the opinion in this case and in First Nat. Bank v. Morgan, 172 Neb. 849, 112 N. W. 2d 26, cited in the opinion. I do not agree that the rule should have the broad scope inferable from the statement of the rule in the first sentence of the fifth full paragraph of the opinion or the first sentence of the text of the citation, 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 113, p. 212. The rule is probably applicable only where the effect of the action would be to exclude from possession a cotenant or one claiming under a cotenant.