HELEN M. AHRENS AND ELDEN AHRENS, WIFE AND
HUSBAND, APPELLEES, V. STEVEN K. DYE ET AL.,
APPELLANTS, IMPLEADED WITH KARL R. DYE ET AL.,
APPELLEES.

293 N. W. 2d 388

Filed June 10, 1980. No. 42798.

Roy I. Anderson and Gregory P. Drew, for appellants.

David B. Latenser, for appellees Ahrens and Karl R. Dye.

Heard before McCOWN and WHITE, JJ., and COLWELL, STANLEY, and SPRAGUE, District Judges.

WHITE, J.

This is an appeal from an order of the District Court overruling a motion for a second new trial. We reverse and reinstate the original judgment.

This appeal arises from an action in partition filed in the District Court for Burt County, Nebraska. By decree dated June 6, 1978, the court confirmed the ownership interests of the real property. The prop-

erty was owned by John A. Dye, who died testate on June 9, 1974. By the terms of his will, the property descended as follows: a one-third interest to Helen M. Ahrens; a one-third interest to Karl R. Dye; a one-sixth interest to Steven K. Dye, and a one-sixth interest to David A. Dye. Following the death of John A. Dye, David A. Dye and Steven K. Dye and Steven's spouse, Deborah Dye, conveyed their interest in said real estate to Joan E. Siemonsma and Steven K. Dye, mother and son, as joint tenants.

The land was leased to a tenant November 25, 1974. The agreement named Karl R. Dye, Helen M. Ahrens, David A. Dye, and Steven K. Dye as landlords and Elden Ahrens (hereafter Elden) as tenant. A notice to quit was served on Elden and Helen M. Ahrens, appellees, on August 29, 1977, by the appellants. The June 6, 1978, decree determined that this notice served to terminate Elden's tenancy as to appellants' share of the land on March 1, 1978, but did not terminate the interest of landlord and tenant between Helen M. Ahrens and Karl R. Dye and Elden. This land was sold by the referee at a partition sale to Elden and Helen M. Ahrens and Karl R. Dye. The sale included all rights to the growing crops on the land. In November 1978, the appellees filed their application for the payment by the referee to Elden, as tenant, for the reasonable value of his services rendered as tenant in the production of crops which had been sold. The appellants objected to the application and urged that their distributive share of the proceeds be taken free and clear of any claim for compensation by the tenant for services or expenditures. On November 13, 1978, the court entered an order finding the value of the growing crops on the premises and that appellants' objection should be sustained. The referee was ordered to pay Elden, as tenant, the sum of $13,775 to be deducted from the distributive shares of Helen M. Ahrens and Karl R. Dye. Subsequently, appellees

filed a motion for new trial. On January 2, 1979, the District Court sustained the motion for new trial and entered an amended judgment ordering the referee to pay to Elden for his services as tenant $20,662.50, to be deducted from the distributive shares of all the owners, including the appellants. Appellants requested a new trial; the court overruled their motion. From this order, appellants appeal.

In their brief on appeal, appellants raise several assignments of error, but the principal contention of error is the court's finding that Elden was a tenant of the appellants and thus entitled to reimbursement for his services and expenses from their distributive shares. For the reasons stated herein, we reverse.

Generally speaking, tenants in common can deal with third parties just as fully as owners of property held individually. Annot., 51 A.L.R.2d 388 (1957); *Swint v. Oil Co.*, 184 Pa. 202, 38 A. 1021 (1897). After the notice to quit was served on Elden, the court correctly concluded that Elden's tenancy as to appellants share of the land was terminated. The notice to quit did not operate to terminate the interest of landlord and tenant between Helen M. Ahrens and Karl R. Dye and Elden. Elden testified he did not consider the appellants bound by the 1978 lease nor was there any agreement between Elden and the Appellants concerning the costs of fertilizer or chemicals subsequent to the notice to quit.

Since there is no agency relationship between cotenants, it is clear that one of them cannot ordinarily bind his cotenants by contracts with a third person unless he is duly authorized or unless his act is thereafter ratified. *Jewel Tea Co. v. Eagle Realty Co.*, 70 F. Supp. 918 (D. Neb. 1947). See Volkmer, *Nebraska Law of Concurrent Ownership*, 13 Creighton L. Rev. 513 (1979). Appellees contend that the acceptance by Steven K. Dye and Joan E. Siemonsma of the proceeds of the sale of the crops and the benefits of Elden's services operated to ratify the lease

agreement and to subject the distributive shares of Steven K. Dye and Joan E. Siemonsma to the reasonable value of services rendered by Elden. "Ratification" has been defined as the acceptance by remaining cotenants of benefits or rents under a lease executed by one cotenant. *Jewel Tea Co. v. Eagle Realty Co., supra.* The record contains no affirmative evidence of ratification subsequent to the court's determination of interests on June 6, 1978. If a tenant in common does nothing to mislead a third person or conduct of the tenant is not such as to warrant a third person's reliance, the tenant is not estopped to assert that he is not bound by unauthorized acts of his cotenant. *First Nat. Bank v. Morgan,* 172 Neb. 849, 112 N.W.2d 26 (1961); Annot., 93 A.L.R.2d 352 (1964); 86 C.J.S. *Tenancy in Common* § 129 (1954). Absent some affirmative evidence, we cannot assume ratification. The acceptance by the appellants of their distributive share, which included the proceeds of the sale of crops, is not sufficient to constitute ratification. It is well established that a tenant who plants crops knowing the terms of his lease will expire before they can be harvested loses all his interest in the crop upon termination of the lease. *Goings v. Gerken,* 200 Neb. 247, 263 N.W.2d 655 (1978); *Peterson v. Vak,* 160 Neb. 450, 70 N.W.2d 436 (1955). Elden did receive $13,775 for his services and costs from the distributive shares of Helen M. Ahrens and Karl R. Dye, pursuant to their lease agreement. The pertinent rule is stated in *Trowbridge v. Donner,* 152 Neb. 206, 212, 40 N.W.2d 655, 659 (1950):

> While such a lease as this [a lease of realty by one tenant-in-common without ratification of the cotenants] may be upheld under certain conditions in a contest between the lessor and the lessee, yet it is universally held that such a lease may be avoided by any of the tenants in common who did not

execute it or subsequently ratify its execution.

Therefore, the judgment is reversed and the cause remanded with directions that the trial court reinstate the order of November 13, 1978.

REVERSED AND REMANDED WITH DIRECTIONS.